UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALISA LEGRAND, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>  Defendant. | Case No. 22-cv-05815-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 40 |

## I.  INTRODUCTION

Condalisa LeGrand brings this putative class action against Abbott Laboratories, alleging certain statements on the labels of Abbott's Ensure® nutrition drinks are false and misleading. Abbott now moves for partial dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6), arguing LeGrand lacks standing to assert claims based on one of its label statements, "All-in-One blend to support your health." ECF No. 40. LeGrand filed an Opposition (ECF No. 44) and Abbott filed a Reply (ECF No. 45). The Court finds this matter suitable for disposition without oral argument and **VACATES** the May 18, 2023 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Abbott's motion for the following reasons.[1]

## II.  BACKGROUND

Abbott manufactures, markets, and distributes several different "nutrition" shakes and drinks under its Ensure® brand. First Am. Compl. ¶ 1, ECF No. 37. Among those Ensure products are six at issue in this case: Ensure® Original Nutrition Shake, Ensure® Complete

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 9, 27.

Nutrition Shake, Ensure® Compact Therapeutic Nutrition Shake, Ensure® Clear Nutrition Drink, Ensure® Original Nutrition Powder, and Ensure® Enlive Advanced Nutrition Shake. *Id.* & n.1. Abbott markets the products with health and wellness labeling, such as "#1 Doctor Recommended Brand" and "Complete, Balanced Nutrition for everyday health." *Id.* ¶¶ 12-14.

LeGrand is a California resident who purchased the Ensure Original Nutrition Shake. *Id.* ¶¶ 8, 106. In purchasing the product, LeGrand was exposed to and relied on Abbott's label representations, such as that the products were "Doctor Recommended" and "nutrition shake[s]." *Id.* ¶ 107. There is scientific evidence demonstrating that consuming sugar-sweetened beverages harms, rather than supports, overall health. *Id.* ¶ 2. Abbott adds up to 22 grams of sugar per serving to the Ensure Nutrition Drinks. *Id.* As a result of this sugar content and scientific evidence, LeGrand alleges the labeling on the products advertising them as balanced, nutritious, and healthy is false and misleading. *Id.*

On October 6, 2022, LeGrand filed the initial complaint in this matter, along with a co-plaintiff, Larissa Bates, who is a resident of New York and purchased Ensure Complete Nutrition Shakes there. Compl. ¶¶ 9, 108, ECF No. 1. LeGrand and Bates sought to bring a class action on behalf of themselves and other consumers who bought the products, defining members of a nationwide class, as well as California and New York subclasses, as "all persons in the United States, and subclasses of all persons in California and in New York, who, at any time from four years preceding the date of the filing of this Complaint to the time a class is notified (the 'Class Period'), purchased, for person or household use, and not for resale or distribution, any of the Ensure Nutrition Drinks (the 'Class')." *Id.* ¶ 124. Plaintiffs brought the following causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) violation of California's False Advertising Law ("FAL"), *id.* §§ 17500 et seq.; (3) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; (4) Breach of Express Warranties, Cal. Com. Code § 2313(1); (5) Breach of Implied Warranty of Merchantability, *id.* § 2314; (6) violation of N.Y. Gen. Bus. Law. § 349; (7) violation of N.Y. Gen. Bus. Law. § 350; (8) Unjust Enrichment; (9) Negligent Misrepresentation; and (10) Intentional Misrepresentation. *Id.* ¶¶ 133-214.

On December 12, 2022, Abbott moved to dismiss pursuant to Rules 12(b)(2) and 12(b)(6), arguing the Court lacked jurisdiction as to New York resident Bates's claims and that Plaintiffs' claims failed under several grounds, including statutory standing and preemption. ECF No. 18. On February 22, 2023, the Court granted in part and denied in part Abbott's motion. ECF No. 33; *LeGrand v. Abbott Lab'ys*, __ F. Supp. 3d __, 2023 WL 1819159, at *5-6 (N.D. Cal. Feb. 8, 2023). As to Bates's claims, the Court granted Abbott's motion, finding it lacks personal jurisdiction but granting leave to amend should Bates have claims pursuant to federal questions.

As to LeGrand, the Court found she has standing under the UCL, FAL and CLRA to challenge advertising for products she did not purchase. *LeGrand*, 2023 WL 1819159, at *5. The Court noted LeGrand may have standing to assert claims for unnamed class members based on products she did not purchase "'so long as the products and alleged misrepresentations are substantially similar.'" *Id.* (quoting *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012)). In her original complaint, LeGrand alleged she relied upon the statements "nutrition shake," "Complete, Balanced Nutrition," "Complete, Balanced Nutrition for everyday health," and "Doctor Recommended" in purchasing the Ensure Original Nutrition Shake. Compl. ¶ 107. The Court found that, while these advertising statements vary some from statements on the other products, the products were sufficiently similar because "[a]ll products prominently display that they are 'Doctor Recommended' and emphasize 'nutrition,' . . . [m]ost of the packaging includes language that the nutrition is 'complete' and 'balanced,' . . . the basis for alleging the packaging to be misleading is largely the same[,] . . . [and] [a]ll the relevant products contain added sugar in harmful amounts, the key ingredient underpinning LeGrand's false advertising claims." *LeGrand*, 2023 WL 1819159, at *5.

Abbott also argued that many of its statements constitute nutrient content statements under federal law and thus the state consumer protection claims based on those statements were preempted. The Court noted the Food and Drug Administration ("FDA") has declined to prohibit food labeling which advertises a product as "healthy" when it contains high amounts of sugar. *LeGrand*, 2023 WL 1819159, at *6 (citations omitted). Thus, as state law restrictions must be identical to Food, Drug, and Cosmetic Act ("FDCA") restrictions on labeling of nutrient levels,

3

1  LeGrand's state law claims would be preempted to the extent she argued that nutrient content
2  claims on Ensure labels are misleading because they indicate the products are healthy despite
3  containing high levels of sugar, but they would not be preempted where they are based on food
4  labeling statements which are not nutrient content claims. *Id.* (citations omitted). The Court
5  found that "advanced nutrition shake," "therapeutic nutrition shake," "nutrition drink," and
6  "nutrition powder" on the labels for Ensure Enlive Advanced Nutrition Shake, Ensure Compact
7  Therapeutic Nutrition Shake, Ensure Clear Nutrition Drink, and Ensure Original Nutrition Powder
8  are not nutrient content claims as they "are not placed in close enough proximity to the underlying
9  nutrient claims to be themselves considered nutrient content." *Id.* at *7 (citation omitted). The
10 Court also found that "Immune * Muscle * Heart * Digestion * Bone" on the front of the
11 packaging for Ensure Complete Nutrition Shake stands separate from other references to nutrient
12 content on the packaging and therefore is not an implied nutrient content claim. *Id.*

13 However, the Court found the following phrasing is implied nutrient content suggesting
14 that the food, because of its nutrient content, may be useful in maintaining healthy dietary
15 practices: "Complete, Balanced Meal replacement," "Complete, Balanced Nutrition," "All in One .
16 . . Heart[,] Immune[, and] Digestion," "our most advanced nutritional product," and "All-in-One
17 blend to support your health." *Id.* at *8 (quoting 21 C.F.R. § 101.13(b)(2)(ii)). The Court
18 therefore found LeGrand could not rely upon these statements to argue that the advertising for
19 Ensure products is misleading because it suggests the products are healthy despite unhealthy
20 added sugar. *Id.* at *8-9.

21 LeGrand filed the operative first amended complaint on March 10, 2023. She now brings
22 the following causes of action: (1) violation of the UCL; (2) violation of the FAL; (3) violation of
23 the CLRA; (4) Breach of Express Warranties, Cal. Com. Code § 2313(1); (5) Breach of Implied
24 Warranty of Merchantability, *id.* § 2314; (6) Unjust Enrichment; (7) Negligent Misrepresentation;
25 and (8) Intentional Misrepresentation. First. Am. Compl. ¶¶ 131-99.

26 Abbott filed the present motion to dismiss on April 7, 2023.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citations and quotations omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the Court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Therefore, the Court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations and quotations omitted).

### IV. DISCUSSION

Abbott argues LeGrand has improperly included one statement— "All-in-One blend to support your health" —by changing her "added sugar" theory with respect to this statement and instead alleging the FDA prohibits the use of the word 'health' in nutrient content claims on foods that are not "low fat" or "low saturated fat." Mot. at 2 (citing First Am. Compl. ¶ 105). Abbott argues LeGrand lacks standing to assert this theory because she did not purchase Ensure Enlive

5

and therefore didn't rely on it, and because her claim related to fat content is not substantially similar to her claim regarding sugar content. *Id.* at 3.

In the Ninth Circuit, "[t]here is no controlling authority on whether Plaintiffs have standing for products they did not purchase." *Miller*, 912 F. Supp. 2d at 868. However, "[t]he majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Id.* at 869; *see also Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1082-83 (N.D. Cal. 2014) (observing that "[c]ourts in this district have adopted three diverging approaches for analyzing standing to pursue claims for nonpurchased products" and adopting the substantial similarity test). In determining whether products are substantially similar, "[c]ourts look to a series of factors including whether the challenged products are of the same kind, comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Figy*, 67 F. Supp. 3d at 1083. If the products are sufficiently similar, "any concerns regarding material differences in the products can be addressed at the class certification stage." *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012).

There is no dispute that LeGrand did not purchase Ensure® Enlive, which is the only product with the statement "All-in-One blend to support your health." *See* First Am. Compl. ¶ 105. Therefore, any claim based on this statement must satisfy the "substantial similarity" test. Abbott argues it does not because "[u]nlike every other claim in her complaint—including every claim about Ensure® Original, the only product she claims to have purchased—LeGrand does not allege that 'All-in-One blend to support your health' is false and misleading based on the amount of added sugar." Mot. at 4. The Court agrees that LeGrand cannot bring a claim based on the amount of added sugar, as it has already dismissed that allegation. *LeGrand*, 2023 WL 1819159, at *8. Specifically, the Court found the phrase is preempted because it is an implied nutrient content claim as defined by the FDCA.[2] *Id.* (citing 21 C.F.R. § 101.13(b)(2)(ii)). Thus, LeGrand

---

[2] "Federal preemption occurs when: (1) Congress enacts a statute that explicitly pre-empts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field

6

may not rely upon it "to argue that the advertising for Ensure products is misleading because it suggests the products are healthy despite unhealthy added sugar." *Id.* at *9.

In her amended complaint, LeGrand alleges "Abbott's Ensure Enlive Advanced Nutrition Shakes are misbranded because they are not 'low fat' or 'low saturated fat' as they must be in order to use the term 'health' in an implied nutrient content claim that suggests that a food may help consumers maintain healthy dietary practices." First Am. Compl. ¶ 105 (simplified) (quoting 21 C.F.R. § 101.65(d)). Abbott argues this is problematic because, "[i]n contrast to the dozens of allegations in the First Amended Complaint relating to sugar, the only time the First Amended Complaint so much as mentions the FDA regulation on fat content that the statement at issue allegedly violates is in a single paragraph about Ensure® Enlive." Mot. at 4. Abbott therefore argues "[t]his new, distinct theory would impact the scope of this case, requiring inquiry into different scientific evidence and public health recommendations and resulting in a less focused dispute." *Id.* The Court agrees.

In its previous order, the Court held that the added sugar claims satisfied the substantial similarity test at the motion to dismiss stage. *LeGrand*, 2023 WL 1819159, at *6 ("Significantly, the basis for alleging the packaging to be misleading is largely the same."). The Court reasoned: "All the relevant products contain added sugar in harmful amounts, the key ingredient underpinning LeGrand's false advertising claims." *Id.* LeGrand's new allegations are about fat content.

Dismissal would also be in line with other decisions in this District. For instance, in

---

to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Chae v. SLM Corp.*, 593 F.3d 936, 941 (9th Cir. 2010) (quotations omitted). The relevant federal law here is the FDCA, which Congress amended in 1990 to "establish[ ] uniform food labeling requirements." *Lilly v. ConAgra Foods, Inc.*, 743 F.3d 662, 664 (9th Cir. 2014). As part of the uniformity goal, the amendments explicitly provided that no state may "directly or indirectly establish . . . any requirement respecting any claim of the type described in section 343(r)(1) of this title made in the label or labeling of food that is not identical to the requirement of section 343(r) of this title[.]" 21 U.S.C. § 343-1(a)(5). Pursuant to 21 U.S.C. § 343(r)(1), this means that food labeling "characteriz[ing] the level of any nutrient" defined in the FDCA cannot be restricted by states in ways not identical to the FDCA restrictions. "Not identical to" means that a state law regulating food labeling of nutrient levels is preempted "when a state law prohibits labeling that is permitted under federal law" and "when a state law prohibits labeling that is not prohibited under federal law." *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 375 (S.D.N.Y. 2014). *See also Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1071 (N.D. Cal. 2017).

7

1   *Howard v. Gerber Products Company*, Judge Chhabria dismissed product labeling claims on
2   precisely these grounds. 2023 WL 2716583, at *1 (N.D. Cal. Mar. 29, 2023). There, the plaintiff
3   alleged she relied on statements on products she had purchased that were false and misleading
4   because those statements violated an FDA regulation relating to protein content. *Id.* The plaintiff
5   also sought to represent a class of individuals who purchased other products she had not purchased
6   with statements relating to vitamin fortification. *Id.* at *1-2. The defendant challenged her Article
7   III and statutory standing to bring the vitamin fortification claims, and Judge Chhabria dismissed
8   her claims to the extent they relied on statements on products she did not purchase that involved
9   this different theory of liability. *Id.* at *1. Applying the "substantial similarity standard," Judge
10  Chhabria held that the plaintiff "has standing to assert claims based on all the products and
11  statements in her complaint, except for the 'With Vitamin C' and 'With Vitamin C & E'
12  statements," because the plaintiff "did not purchase any products with those statements, and they
13  are unique in that they implicate the FDA's fortification policy." *Id.*; *see also Romero v. Flowers*
14  *Bakeries, LLC*, 2015 WL 2125004, at *5 (N.D. Cal. May 6, 2015) (dismissing claims on non-
15  purchased products because plaintiff failed to "demonstrate that all of the challenged products bear
16  the same alleged mislabeling or misrepresentations"); *Wilson v. Frito-Lay N. Am.*, 961 F. Supp. 2d
17  1134, 1140-41 (N.D. Cal. 2013) (dismissing claims on non-purchased products because plaintiffs
18  "failed to allege substantial similarity among the Purchased Products and the Non-Purchased
19  Products").
20       The same reasoning applies here. In her original complaint, LeGrand alleged that certain
21  statements on the labels of some of Abbott's Ensure® nutrition drinks are false and misleading
22  because those products contain too much added sugar. That remains the theory in her First
23  Amended Complaint—except with respect to the statement, "All-in-One blend to support your
24  health," which appears on a single product that she did not purchase. As for that one statement,
25  LeGrand asserts a theory based on the amount of fat. However, this claim does not satisfy the
26  substantial similarity test because LeGrand's basis for challenging "All-in-One blend to support
27  your health" (fat content) is wholly unlike her basis for challenging every other advertising claim
28  in this case (added sugar content). As LeGrand did not purchase any product with this statement,

8

1    and it is unique in that she seeks to challenge Abbott's advertising as it relates to fat content, it
2    appears that her claim related to Abbott's "All-in-One blend to support your health" advertising
3    must be dismissed.
4          In her opposition, LeGrand asserts she still "maintains her theory of deception that this
5    claim on Ensure Enlive is misleading due to of the Product's sugar content." Opp'n at 1.
6    However, she now argues Ensure Enlive does not meet the requirements for using the term
7    "health" in an implied nutrient content claim "due to its excessive fat content." *Id.* "Because the
8    claim is not authorized and preemption only applies to authorized claims, Ms. LeGrand may
9    challenge the claim as false and misleading due to Ensure Enlive's high added sugar content." *Id.*
10   LeGrand can challenge a labeling statement that is an implied nutrient content claim if she can
11   show the statement renders the product "misbranded." *See In re Quaker Oats Labeling Litig.*,
12   2012 WL 1034532, at *2 (N.D. Cal. Mar. 28, 2012). A labeling statement renders a product
13   misbranded if it violates a relevant federal law or regulation. *See, e.g., Reid v. Johnson &*
14   *Johnson*, 780 F.3d 952, 962 (9th Cir. 2015) (no preemption for claims predicated on trans fat
15   statements in light of FDA regulations governing trans fat). For example, where a plaintiff
16   challenged implied nutrient content labeling statements as false and misleading because of the
17   product's trans fat content, a court found no preemption for certain statements that allegedly
18   violated a particular federal statute (21 U.S.C. § 343(r)) and FDA regulations. *In re Quaker Oats*,
19   2012 WL 1034532, at *2-4.
20         But there is no such relevant federal law or regulation for sugar. To the contrary, "[i]n
21   formal rulemaking, the FDA has expressly decided to not set such disqualifying levels for sugar or
22   added sugar." *Hadley*, 273 F. Supp. 3d at 1073 (emphasis omitted); *Ackerman v. Coca Cola Co.*,
23   2010 WL 2925955, at *8 (E.D.N.Y. July 21, 2010) ("The FDA's decision to exclude sugar as a
24   disqualifying ingredient is entitled to the same preemptive force as statutory law.").[3] This is why
25   the Court has already dismissed as preempted LeGrand's claims concerning the statement "All-in-

---

[3] LeGrand cites to a proposed rule that "prohibits use of implied nutrient content claims using the word 'health' where a product contains more than 2.5 grams of added sugar per serving." Opp'n at 5 n.1. However, that rule has not been promulgated and is therefore not relevant to the Court's analysis.

One blend to support your health" that are based on the amount of sugar Ensure® Enlive contains. *LeGrand*, 2023 WL 1819159, at *8-9 (holding that LeGrand cannot rely on that labeling statement (among others) "to argue that the advertising for Ensure products is misleading because it suggests the products are healthy despite unhealthy added sugar.").

      LeGrand takes the position that, so long as a plaintiff claims that an implied nutrient content claim is misbranded on one basis (here, fat), that plaintiff can shoehorn into the case another challenge to that same claim (here, sugar).  *See* Opp'n at 6 ("While it is the fat content that renders the claim on Ensure Enlive unauthorized and thus not subject to a preemption defense, Plaintiff still alleges the claim is misleading due to its sugar content."); First Am. Compl. ¶ 21 ("Despite their high added sugar content, Abbott touts each flavor [of Ensure Enlive] as an 'advanced nutrition shake.'  The side of each bottle further claims it is an 'All-in-One blend to support your health.'").  LeGrand cites three cases in support of this position, but in none of them did a court permit a plaintiff to avoid preemption by alleging that an implied nutrient content claim is misbranded due to one nutrient, then challenge that same claim with respect to another nutrient entirely.  *See Reid*, 780 F.3d at 962-63 (holding that a nutrient content claim related to trans fat was not preempted because the claim did not comply with express FDA "guidance about whether a 'No Trans Fat' nutrient content claim is permissible for products containing small amounts of trans fat" and finding "that [plaintiff's] claims for relief are not preempted to the extent they are predicated on [defendant's] trans fat statements."); *In re Quaker Oats Labeling Litig.*, 2012 WL 1034532, at *4 (holding that "all the nutrition of a bowl of instant oatmeal" statement was not preempted because the FDA "requires that food to which the comparison is drawn qualify as a 'good source' of the particular nutrient."  Because defendant could "not explain how it would even be possible to determine whether its 'all the nutrition of a bowl of instant oatmeal' statement is in compliance with the requirement," the court found that the statement was "not specifically authorize[d]" by FDA regulations and thus not preempted.); *Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938, 957 (N.D. Cal. 2017) (plaintiff's challenge to "whole grain" statements was not preempted "because the term 'whole grain' is not a regulated nutrient under 21 C.F.R. § 101.13(b)").

10

1       In sum, the Court finds LeGrand's challenge to the statement "All-in-One blend to support
2   your health" must be dismissed because she did not purchase Ensure® Enlive (which is the only
3   product with that statement), the claim does not satisfy the substantial similarity test, and she
4   cannot avoid preemption by alleging that an implied nutrient content claim is misbranded due to
5   one nutrient (fat), then challenge that same claim with respect to another nutrient (sugar).

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Abbott's Motion to Dismiss LeGrand's First Amended Complaint to the extent it challenges the statement "All-in-One blend to support your health." The Court **DENIES** leave to amend on the ground that it would be futile.

The Court shall conduct a case management conference on June 15, 2023 at 10:00 a.m. by Zoom video conference. The webinar link and instructions are located at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/. This conference shall be attended by lead trial counsel. By June 8, 2023, the parties shall file a Joint Case Management Statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/tshorders. The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.

**IT IS SO ORDERED.**

Dated: May 16, 2023

THOMAS S. HIXSON
United States Magistrate Judge