UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALISA LEGRAND,<br>　　　　Plaintiff,<br>　　v.<br>ABBOTT LABORATORIES,<br>　　　　Defendant. | Case No. 22-cv-05815-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 91 |

Plaintiff moves to compel 54 documents responsive to her amended request for production 40 that Abbott has withheld based on the First Amendment privilege. The withheld documents are communications between Abbott and four industry groups and their members regarding the groups' (1) draft comments on, and strategy and potential legal arguments about, an FDA proposed product labeling rule, and (2) emails and draft documents reflecting the formulation of trade association strategy regarding pending or proposed regulations, legislation, draft FDA guidance, and proposed international guidelines. *See* ECF No. 91-9.

Despite Abbott's belated assertion of a First Amendment privilege, the Court declines to find a waiver of this constitutional privilege. "[T]here is case law finding 'that where a constitutional privilege is involved a trial court possesses the discretion not to find waiver.'" *Apple Inc. v. Match Group, Inc.*, 2021 WL 3727067, *6 (N.D. Cal. Aug. 19, 2021) (quoting *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998)). "'This is particularly true . . . when the alleged waiver is accomplished by inaction rather than action.'" *Id.* (quoting same).

Abbott has made a prima facie case that producing these communications will chill associational rights. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2010). The Rostorfer Declaration (ECF No. 91-15) and Abbott's privilege log (ECF No. 91-9) are sufficient

1  to establish this prima facie case because it is common sense that forcing Abbott to produce these
2  materials will chill the willingness of members of these industry groups to have candid
3  communications with each other about these subjects. And while it is true that commercial speech
4  is entitled to less protection than political, religious, or literary speech, *see In re Anonymous*
5  *Online Speakers*, 661 F.3d 1168, 1177 (9th Cir. 2011), it is still entitled to some protection, and
6  the First Amendment "applies to trade associations as well." *In re Recalled Abbott Infant*
7  *Formula Products Liability Litig.*, 2024 WL 36982, *1 (N.D. Ill. Jan. 3, 2024).[1]

8        Abbott "having made a prima facie showing of infringement, the evidentiary burden shifts
9  to the plaintiff[] to demonstrate a sufficient need for the discovery to counterbalance that
10 infringement" of First Amendment rights. *Perry*, 591 F.3d at 1164. Plaintiff does not demonstrate
11 that need. Plaintiff argues that the communications between the industry group members leading
12 up to the groups' final public comments may reflect the members' true beliefs and understandings
13 about the healthfulness of added sugar. While that may be true, it doesn't demonstrate a need for
14 this discovery. It is unlikely that Abbott or any other company discloses information about added
15 sugar in communications external to the company that it is not also contained, likely in greater
16 detail, in internal documents that would not implicate First Amendment rights. Think about it:
17 For an employee at one of these companies to send an external email to other industry group
18 members stating the company's views about the effects of added sugar, that information had to
19 come from somewhere. Producing the associational communications would reveal the groups'
20 strategy concerns and objectives and provide insight into their lobbying efforts – thus implicating
21 First Amendment concerns – but it is not a particularly good way to find out what is known to
22 these companies about the effects of added sugar and whether food products with added sugar can
23 be considered healthy. Internal documents that do not implicate First Amendment concerns are a

---

[1] Plaintiff argues that Abbott's withdrawal of its claim of First Amendment privilege over 16 communications on a previous version of its privilege log (ECF No. 91-7) shows that disclosure of these communications is not generally problematic, with the suggestion that Abbott is selectively claiming privilege over the remaining documents because their content is damaging. However, at the hearing both sides agreed those 16 documents were non-substantive (primarily they were meeting invites), and that Abbott has not produced any substantive communications with these industry groups or its members. Abbott's production of non-substantive documents does not undermine its claim of privilege.

better source for that information.

Accordingly, Abbott's claim of First Amendment privilege is **SUSTAINED**, and Plaintiff's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 9, 2024

THOMAS S. HIXSON
United States Magistrate Judge