UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALISA LEGRAND, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>  Defendant. | Case No. 22-cv-05815-TSH<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 92 |

## I. INTRODUCTION

Pending before the Court is Plaintiff Condalisa LeGrand's motion to amend pursuant to Federal Rules of Civil Procedure 15(a) and 16. ECF No. 92. Defendant Abbott Laboratories ("Abbott") filed an Opposition (ECF No. 104) and Plaintiff filed a Reply (ECF No. 105). For the reasons stated below, the Court **GRANTS** the motion.[1][2]

## II. BACKGROUND

Abbott manufactures, markets, and distributes several different "nutrition" shakes and drinks under its Ensure brand. Proposed Second Am. Compl. ("SAC") ¶ 1, ECF No. 92-2. Among those Ensure products (the "challenged products") are seven at issue in this case: Ensure Original Nutrition Shake, Ensure Complete Nutrition Shake, Ensure Compact Therapeutic Nutrition Shake, Ensure Clear Nutrition Drink, Ensure Original Nutrition Powder, Ensure Enlive Advanced Nutrition Shake, and Ensure Plus Nutrition Shake. *Id.* & n.1. Abbott markets the

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 9, 27.
[2] The Court notes that Defendant filed an objection to Plaintiff's reply, asking the Court to strike several lines from Plaintiff's reply and the attached declaration and exhibits. ECF No. 110. The Court decides the merits of Plaintiff's motion without considering any of the materials to which Defendant objects.

products with health and wellness labeling such as "#1 Doctor Recommended Brand" and "Complete, Balanced Nutrition for everyday health." *Id.* ¶¶ 1, 12, 14.

LeGrand is a California resident who purchased the Ensure Original Nutrition Shake on multiple occasions. *Id.* ¶¶ 8, 108. In purchasing the product, LeGrand was exposed to and relied on Abbott's label representations, such as that the products were "Doctor Recommended" and "nutrition shake[s]." *Id.* ¶ 109. Abbott adds up to 22 grams of sugar per serving to the Ensure Nutrition Drinks. *Id.* ¶ 2. There is scientific evidence demonstrating that consuming sugar-sweetened beverages harms, rather than supports, overall health. *Id.* ¶¶ 2, 37–45, 47–65. Because of this scientific evidence and the sugar content of the challenged products, LeGrand alleges Abbott's representations that the challenged products are balanced, nutritious, and healthy are false and misleading. *Id.* ¶¶ 2, 46, 66, 77, 80, 104.

On October 6, 2022, LeGrand filed the initial complaint in this matter, along with a co-plaintiff, Larissa Bates, who is a resident of New York and purchased Ensure Complete Nutrition Shakes there. Compl. ¶¶ 9, 108, ECF No. 1. LeGrand and Bates sought to bring a class action on behalf of themselves and other consumers who bought the products, defining members of a nationwide class, as well as California and New York subclasses, to include persons who purchased any of the following six Ensure brand nutrition drinks for personal or household use during the class period: Ensure Original Nutrition Shake, Ensure Complete Nutrition Shake, Ensure Compact Therapeutic Nutrition Shake, Ensure Clear Nutrition Drink, Ensure Original Nutrition Powder, and Ensure Enlive Advanced Nutrition Shake. *Id.* ¶¶ 1 n.1, 124. Plaintiffs brought the following causes of action: violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; violation of California's False Advertising Law ("FAL"), *id.* §§ 17500 et seq.; violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; Breach of Express Warranties, Cal. Com. Code § 2313(1); Breach of Implied Warranty of Merchantability, *id.* § 2314; violation of N.Y. Gen. Bus. Law. § 349; violation of N.Y. Gen. Bus. Law. § 350; Unjust Enrichment; Negligent Misrepresentation; and Intentional Misrepresentation. *Id.* ¶¶ 133–214.

In December 2022, Abbott moved to dismiss pursuant to Federal Rules of Civil Procedure

12(b)(2) and 12(b)(6), arguing the Court lacked jurisdiction as to New York resident Bates's claims and that Plaintiffs' claims failed under several grounds, including statutory standing and preemption.  In February 2023, the Court granted in part and denied in part Abbott's motion.  The Court found LeGrand may have standing to assert claims for unnamed class members based on products she did not purchase "'so long as the products and alleged misrepresentations are substantially similar.'"  *LeGrand v. Abbott Lab's*, 655 F. Supp. 3d 871, 886 (N.D. Cal. 2023) (quoting *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012)).  The Court granted Plaintiff leave to amend.  *Id.* at 899.

On March 10, 2023 LeGrand filed her first amended complaint (FAC), seeking to represent a class of all persons in the United States, and a subclass of all persons in California, who purchased any of the six Ensure brand nutrition drinks named in her initial complaint during the class period.  FAC ¶ 122, ECF No. 37.  In her FAC, Plaintiff alleged unjust enrichment, negligent misrepresentation, and intentional misrepresentation on behalf of all class members.  FAC ¶¶ 179–99.  On behalf of the California subclass, Plaintiff alleged violations of California's Unfair Competition Law ("UCL"), §§ 17200 *et seq*; California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq.; the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq; Breach of Express warranties, Cal. Com. Code § 2313(1); and Breach of Implied Warranty of Merchantability, Cal. Com. Code § 2314.  FAC ¶¶ 131–78.

In April 2023, Abbott filed a partial motion to dismiss Plaintiff's FAC.  ECF No. 40.  In May 2023, the Court granted Abbott's motion to dismiss the FAC to the extent the FAC challenges the statement "All-in-One blend to support your health."  ECF No. 46 at 11.  The Court denied leave to amend on the ground that it would be futile.  *Id.*

On September 30, 2024, Plaintiff filed this Motion for Leave to file a Second Amended Complaint ("SAC") against Abbott.  Motion, ECF No. 92.  In her proposed FAC, Plaintiff adds the Ensure Plus Nutrition Shake to the list challenged products and adds two paragraphs pertaining to Ensure Plus.  Proposed SAC ¶¶ 1 n.1, 16–17, ECF No. 92-2.

### III. LEGAL STANDARD

A party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b) and, second, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). To determine if good cause exists under Rule 16, courts generally consider the diligence of the party seeking the modification. *Id.* at 609; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Mammoth Recreations*, 975 F.2d at 609 (citation omitted). If the moving party fails to show diligence, "'the inquiry should end.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Johnson*, 975 F.2d at 609). If, however, "the moving party establishes good cause to modify the scheduling order, it must then demonstrate that its motion is also proper under Rule 15." *Calvary Chapel San Jose v. Cody*, 2021 WL 4427384, at *1 (N.D. Cal. Sept. 27, 2021) (internal quotations and citation omitted).

"Generally, Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citations omitted). The Court considers five factors in deciding a motion for leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). The rule is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ((internal quotations and citation omitted). Generally, a court should determine whether to grant leave indulging "all inferences in favor of

4

1  granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts
2  may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or
3  dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments
4  previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'"
5  *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting
6  *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. DISCUSSION

### A. Good Cause Under Rule 16

In her proposed FAC, Plaintiff adds the "Ensure Plus" line of nutrition shakes to the list challenged products (Proposed SAC ¶¶ 1 n.1, ECF No. 92-2) and adds two paragraphs regarding the Ensure Plus Nutrition Shake:

> 16. Throughout the relevant time period, Ensure Plus Nutrition Shakes have been sold in a variety of flavors, including at least Vanilla (pictured above), Milk Chocolate, Strawberry, Dark Chocolate, and Butter Pecan. All flavors contain 350 calories and between 18 and 21 grams of added sugar depending on flavor, meaning that between 20.6% and 24% of their calories come from added sugar.
>
> 17. Despite their high added sugar content, Abbott touts each flavor as **"Complete Balanced Nutrition**,**"** and a **"nutrition shake**,**"** with **"350 calories to help gain or maintain a healthy weight."** Each product's label also states it is the **"#1 Doctor Recommended Brand."** These statements, both individually and in combination, convey that the Ensure Plus Nutrition Shakes are beneficial to health generally, and to the maintenance of a healthy weight in a healthy manner.

Proposed SAC ¶¶ 16–17 (emphasis in original). There are no other substantive differences between the FAC and Proposed SAC. *See generally* Proposed SAC.

Plaintiff contends she omitted Ensure Plus from her initial complaint and FAC based on her understanding at the time that Ensure Plus was marketed specifically for weight gain, and not for weight loss. Mot. at 1–2. On August 9, 2024, Plaintiff deposed Meaghan Bird, Abbott's former Marketing Director for Ensure Consumer and Outpatient. ECF No. 92-3 (Bird Dep.). During Bird's deposition, Plaintiff's counsel asked Bird whether she would "expect a physician to recommend Ensure Plus to somebody looking to lose weight[.]" Bird Dep. at 236. Bird

5

responded that "[t]hey could." *Id.* Plaintiff contends Bird's testimony was new information that changed Plaintiff's opinion about the merits of including Ensure Plus in her complaint by indicating that purchasers of Ensure Plus have claims that are substantially similar to the claims of purchasers of the other challenged products. Mot. at 2.

The Court finds Plaintiff satisfies the Rule 16 "good cause" standard because she did not obtain information indicating that Ensure Plus may be marketed for weight loss until Bird's deposition on August 9, 2024, well after the September 30, 2023 deadline to seek leave to amend. Defendant argues that Bird's statement does not actually indicate how Abbott markets Ensure Plus and that "[t]he proposed new allegations have no nexus to how Abbott marketed Ensure Plus in contexts other than the label." Opp'n at 5. But Bird testified that Abbott markets not only directly to consumers, but also to healthcare professionals "whose patients benefit from [Ensure] products." Bird Dep. at 19; *see* Mot. at 1 n.3. Bird's testimony that healthcare providers "could" recommend Ensure Plus to patients looking to lose weight is therefore an indicator of how Abbott markets Ensure Plus via healthcare providers.

Defendant argues that Plaintiff did not act diligently to amend her complaint because the information contained in her amended allegations was available to Plaintiff before the amended pleadings deadline passed, including in March 2023, when Plaintiff filed her FAC, and in October 2022, when she filed her initial complaint. Opp'n at 4–5; Decl. of Tracie L. Bryant ¶¶ 10, 12, ECF No. 104-1 & Ex. A to Bryant Decl., ECF No. 104-2 (Ensure Plus nutrition information and product packaging, including statements that Ensure Plus can "help patients gain or maintain healthy weight"). Although Plaintiff's proposed new allegations contain information that would have been available to Plaintiff when she filed her FAC, Bird's testimony that doctors could recommend Ensure Plus for weight loss provided a new basis for including those allegations in a complaint alongside the other challenged products.

The Court finds Plaintiff acted diligently in seeking leave to amend her complaint following Bird's deposition. Plaintiff's counsel took Bird's deposition on August 9, 2024, received the deposition transcript on August 21, and received Defendant's errata and confidentiality designations on September 20, 2024. Decl. of Jack Fitzgerald ¶ 4, ECF No. 92-1.

6

1    On September 24, Plaintiff requested Defendant's consent to amend her complaint to add Ensure

2    Plus as a challenged product, requesting a response by September 30. *Id.* ¶ 6. Defendant

3    responded that it would not consent to Plaintiff filing a SAC. *Id.* Later that day, Plaintiff filed her

4    motion for leave to amend. Mot. at 4. The Court finds this demonstrates reasonable diligence on

5    Plaintiff's part. *See, e.g.*, *Google LLC v. Sonos, Inc.*, No. 20-cv-03845-EMC-TSH, 2021 WL

6    4061718, at *5 (N.D. Cal. Sept. 7, 2021) (finding plaintiff "diligently sought leave to amend"

7    where plaintiff provided notice to defendant of amended theory within two months of discovering

8    basis for requested amendments).

9    Accordingly, the Court finds good cause exists to amend the complaint under Rule 16.

**B.  Rule 15 Factors**

    **1.  Bad Faith and Undue Delay**

As to the first two factors, the Court finds the proposed amendment is not sought in bad faith or with a dilatory motive. Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). Defendant makes no contention that Plaintiff acted in bad faith, and the Court finds none.

As to the second factor, a moving party's inability to sufficiently explain its delay may indicate that the delay was undue. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Whether the moving party knew or should have known the facts and theories raised in the proposed amendment at the time it filed its original pleadings is a relevant consideration in assessing untimeliness. *Id.*; *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."). However, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Rather, undue delay combined with other factors may warrant denial of leave to amend. *See, e.g., Jackson*, 902 F.2d at 1387-89 (holding that prejudice and undue delay are sufficient to deny leave to amend); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074,

1079 (9th Cir. 1990) ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant"). Here, Plaintiff sought leave to file her second amended complaint one year after the deadline to amend pleadings had closed. However, as discussed above, the Court finds Plaintiff acted with reasonable diligence in filing her motion for leave to amend to add Ensure Plus as a challenged product in this litigation. Accordingly, the Court finds Plaintiff's delay was not undue.

### 2. Prejudice to the Opposing Party

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). However, "[t]o overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) (citing *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

"A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 986 (9th Cir. 1999) (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)). However, "[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Tyco Thermal Controls LLC v. Redwood Indus.*, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009).

Plaintiff maintains Abbott will not be prejudiced by the amendment because the only effect of Plaintiff's proposed amendment is to add a seventh sub-brand to the challenged Ensure product line. Mot. at 5–7. Plaintiff states she does not anticipate needing to serve additional discovery requests as a result of the proposed amendment and contends many of the documents Abbott has produced discuss the full line of Ensure products, including Ensure Plus. Mot. at 5. Abbott contends, however, that it has not "comprehensively produced documents about Ensure® Plus that are critical to its defense, such as documents supporting its substantiation of Ensure® Plus's labeling claims." Opp'n at 8.

8

The Court is unpersuaded by Abbott's argument that the addition of Ensure Plus as a challenged product would "greatly alter[] the nature of the litigation" or require Abbott to "undertake[] an entirely new course of defense." Opp'n at 11 (quoting *Carranza v. City of San Pablo*, No. 4:20-cv-08443-SBA, 2022 WL 110647, at *6 (N.D. Cal. Jan. 12, 2022)). The only substantive difference between the FAC and Proposed SAC is the addition in the SAC of Ensure Plus to the list of challenged products, including the addition of two paragraphs pertaining to the Ensure Plus nutrition shake. Proposed SAC ¶¶ 1 n. 1, 16–17. Although the addition of Ensure Plus to the litigation may necessitate additional discovery, discovery remains open, with the close of fact discovery not yet set and a further case management conference scheduled for September 2025, two months after the hearing on Plaintiff's motion for class certification. *See* ECF No. 99 at 2.

Defendant argues that Defendant would be prejudiced by having to file a new motion to dismiss the new allegations. However, "the burden of having to defend against a claim on its merits does not constitute undue prejudice." *Carranza v. City of San Pablo*, No. 4:20-cv-08443-SBA, 2022 WL 110647, at *6 (N.D. Cal. Jan. 12, 2022). Defendant further argues that the Proposed SAC attempts to reassert Plaintiff's challenge to the statement "All-in-One blend to support your health," which the Court previously dismissed without leave to amend. *See* ECF No. 46 at 11. The Court finds relitigating this challenge would cause Defendant undue prejudice. However, Plaintiff maintains the inclusion of this statement in her proposed SAC was inadvertent, and states that she will remove any such references from her as-filed SAC. Reply at 7.

Accordingly, the Court finds that Abbott will not suffer substantial prejudice if the Court permits Plaintiff leave to amend, provided Plaintiff removes any challenge to the statement "All-in-One blend to support your health" from her SAC. This factor therefore weighs in favor of granting Plaintiff's motion.

### 3.  Futility of Amendment

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v.*

9

*Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).  As the Supreme Court has held, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.  The standard to be applied is identical to that on a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Miller*, 845 F.2d at 214.  As discussed above, Plaintiff states she will remove challenges to the statement "All-in-One blend to support your health" from her SAC, which the Court previously dismissed with prejudice.  Defendant does not otherwise contend amendment would be futile.  Accordingly, the Court finds amendment is not futile.

### 4. Previous Amendments

Courts have broader discretion in denying motions for leave to amend after leave to amend has already been granted.  *See Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) ("[W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will its rulings be disturbed."); *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).  Plaintiff has amended her complaint once before. However, the Court finds this does not overcome the factors that weigh in favor of granting leave to amend.

## V. CONCLUSION

Based on the analysis above, the Court **GRANTS** the motion to amend.  Plaintiff shall file the second amended complaint as a separate docket entry by December 10, 2024.

**IT IS SO ORDERED.**

Dated: December 3, 2024

THOMAS S. HIXSON
United States Magistrate Judge