UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALISA LEGRAND,<br><br>   Plaintiff,<br><br>   v.<br><br>ABBOTT LABORATORIES,<br><br>   Defendant. | Case No. 22-cv-05815-TSH<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 107, 108, 109 |

The parties have three discovery disputes. ECF Nos. 107, 108 and 109. The Court rules as follows.

**A.    ECF No. 107 (Plaintiff's Initial Disclosures)**

Abbott contends that Plaintiff's initial disclosures do not adequately disclose Plaintiff's damages claims. Rule 26(a)(1)(A)(iii) requires "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . ."

Plaintiff's initial disclosures say the following concerning damages:

> Without waiver of calculations of additional categories of damages, Plaintiffs seek restitution and/or damages according to—without limitation—at least one of the following damages models:
>
>    a. The full purchase price of subject sales (equivalent to the amount consumers spent at retail on the products during the relevant period);
>
>    b. The difference in the value of the challenged products as misleadingly advertised, and without misleading advertisements;

> c. The price premium Abbott's products carry compared to similar products without misleading advertisements;
>
> d. The amount of the purchase price of subject sales that went to Abbott (i.e., Abbott's gross sales);
>
> e. Abbott's gross sales less its costs (i.e., Abbott's profits);
>
> f. Increase in market share of the Abbott products attributable to the misleading advertisements; and
>
> g. Statutory damages.
>
> The documents and information required to calculate the amount of damages or restitution under each model more precisely are in Abbott's possession, custody, and control, and include, *inter alia*, unit and dollar sales and related financial information during the Class Period, including but not limited to audited financial statements and any related audit trails. Documents and information required to calculate the amount of damages or restitution under each model may also be in the possession, custody, or control of third parties.
>
> Plaintiffs are further entitled to recover punitive damages, and attorneys' fees and costs of the action, in amounts that remain to be determined.

Thus, Plaintiff's initial disclosures contain seven high-level ideas for how damages might be measured, and that's about it.

"Where, as here, the plaintiff's damages are not the product of a simple mathematical calculation and require expert testimony, the damages calculations need not be produced with the plaintiff's Rule 26(a)(1) disclosures and may be produced as part of the party's Rule 26(a)(2) disclosures." *Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP*, 2006 WL 1520227, *1 (S.D.N.Y. June 1, 2006). However, "the party making a claim for damages has the obligation, when it makes its initial disclosures, to disclose to the other parties the best information then available to it concerning that claim, however limited and potentially changing it may be." *Id*. (cleaned up); *see also City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221-22 (N.D. Cal. 2003) ("the Court does not yet mandate disclosure of precise calculations given that many of the documents which are likely to inform the calculation remain in Defendants' hands and some level of expert analysis may be required," but "[t]he Court concludes that Plaintiff should provide its assessment of damages in light of the information currently available to it so as to enable each of the multiple Defendants in this case to understand the contours of its potential

1  exposure and make informed decisions as to settlement and discovery."). "Plaintiff's *precise*
2  method of calculation need not be disclosed to the extent the method is properly the subject of
3  expert testimony and the parties will be turning over expert evidence in the future." *Frontline*
4  *Medical Associates, Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009)
5  (emphasis original). But "[f]uture expert analysis does not relieve Plaintiff of its obligation to
6  provide information reasonably available to it as gross revenues, expenses and any other
7  component of its lost profits computation." *Id*. at 570.

8      Plaintiff presents argument as if the only possibilities are to (1) prematurely disclose her
9  expert reports by disclosing the exact details of her damages methodologies and calculations, or
10 (2) disclose nothing in terms of numbers or estimates. However, as discussed above, the case law
11 does not agree with that. Plaintiff is obligated to disclose the best information available to her,
12 and it is not true that until an expert report is produced a litigant has no information and knows
13 nothing. Plaintiff must disclose what she can estimate now based on the information known to her
14 about the various types of damages she is seeking, and must identify now documents or other
15 evidentiary material those estimates are based on. "[T]he Court contemplates that Plaintiff[] will
16 update [her] disclosure and provide greater detail as to [her] calculations as discovery progresses."
17 *Tutor-Saliba Corp.*, 218 F.R.D. at 222.

18     Accordingly, Abbott's motion to compel Plaintiff to supplement her damages disclosures
19 is **GRANTED**.

20 **B.    ECF No. 108 (Plaintiff's Health)**

21     Abbott moves to compel concerning its interrogatory ("rog") 7, and request for production
22 ("RFP") 16.

23     Rog 7 asked: "Explain what adverse health effects, if any, You believe are caused by the
24 added sugar in the Ensure Products and the basis for Your belief, and whether You allege that You
25 have experienced any of these adverse health effects by consuming Ensure Products." Plaintiff
26 answered the first half of this rog, listing health effects she believes are caused by the added sugar
27 and generally referring to why she thinks that. Abbott doesn't seem to have a problem with that
28 part of the answer. Plaintiff declined to answer the second half of the rog, which asked whether

3

she alleges that she has experienced any of these health effects.

RFP 16 asked for: "All medical records or other Documents relating to or substantiating any adverse health effects You claim that You have experienced as a result of having consumed the Ensure Products."

The Court **DENIES** the motion to compel. Plaintiff "seek[s] economic damages, not damages for bodily injury, and . . . a specific class member's health has no bearing on whether the challenged health statements are false, deceptive or materially misleading." *Krommenhock v. Post Foods, LLC*, 2018 WL 4203660, *1 (N.D. Cal. Aug. 30, 2018).

C.  **ECF No. 109 (Plaintiff's Interrogatories)**

Plaintiff served rogs 16, 17 and 22, and Abbott declined to respond, contending that Plaintiff exceeded the 25 rogs permitted by default by Rule 33(a)(1). Plaintiff argues that she did not exceed 25 rogs. In the alternative, she seeks leave to serve rogs 16, 17 and 22 pursuant to Rules 33(a)(1) and 26(b)(1) and (2). The Court declines to address the rog counting dispute and instead **GRANTS** Plaintiff's alternative request and authorizes her to serve rogs 16, 17 and 22. These rogs seek relevant information and are proportional to the needs of the case. Plaintiff's request complies with Civil Local Rule 33-3 because in the joint discovery letter brief she summarizes the proposed additional rogs and includes their full text in exhibits 1 and 2 to the letter brief, and the letter brief also explains why it is necessary to propound the additional questions.

**IT IS SO ORDERED.**

Dated: December 11, 2024

THOMAS S. HIXSON
United States Magistrate Judge