UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALISA LEGRAND,<br>　　　　Plaintiff,<br>　　v.<br>ABBOTT LABORATORIES,<br>　　　　Defendant. | Case No.  22-cv-05815-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 114 |

　　　Abbott has filed a motion to retain the confidentiality designation for certain excerpts from the deposition of Meaghan Bird and for certain portions of Exhibit 59 to that deposition.  Plaintiff opposes the motion.

　　　In assessing a motion to retain confidentiality under a protective order, a court proceeds in two steps.  "First, it must determine whether 'particularized harm will result from disclosure of information to the public.'"  *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test," rather, the moving party must "allege specific prejudice or harm."  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

　　　"Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide whether [maintaining] a protective order is necessary.'"  *In re Roman Cath.*, 661 F.3d at 424 (quoting *Phillips*, 307 F.3d at 1211).  The court is to consider the following factors in balancing these interests:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

"[E]ven when the factors in this two-part test weigh in favor of protecting the discovery material (i.e., where the court determines that disclosure of information may result in 'particularized harm,' and the private interest in protecting the discovery material outweighs the public interest in disclosure), a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure." *Id*. at 425 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003)).

Here, Abbott's motion fails at step one. Having reviewed the materials at issue, the Court cannot envision any particularized harm that would result from disclosure of this information to the public. Abbott's arguments for confidentiality are just broad allegations of harm, unsubstantiated by specific examples or articulated reasoning. Accordingly, Abbott's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 9, 2025

THOMAS S. HIXSON
United States Magistrate Judge

2