UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALISA LEGRAND,<br><br>    Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant. | Case No. 22-cv-05815-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 139 |

Plaintiff moves to compel concerning her requests for production 75, 76, 77 and 78, which seek Abbott's deposition testimony, written discovery responses, documents filed in support of its summary judgment motion, and documents it intends to rely on at trial in the case *Van Cleave v. Abbott Laboratories*, 19-cv-345045, pending in Santa Clara Superior Court. Abbott opposes the motion. ECF No. 139.

The Court denies the motion because this case and *Van Cleave* are not substantially similar. This case is about Abbott's Ensure Nutrition Drinks, whereas *Van Cleave* is about Abbott's PediaSure products, which are aimed at children. A review of the First Amended Complaint in *Van Cleave* discloses that all of the claims in that case are about marketing PediaSure for consumption by children. The PediaSure products are not at issue in this lawsuit, and although there are some background factual allegations in the First Amended Complaint in this case about the harm to children from excess sugar consumption, none of the claims in this case has anything to do with products aimed at children.

The Court understands that at a high level, both cases rely on the theory that Abbott's products are unhealthy because they have too much added sugar. However, in assessing the Rule 26 factors, the Court must determine whether requiring Abbott to produce the materials from *Van*

*Cleave* is a relevant and proportional way to conduct discovery. It doesn't seem like it is. The Court has not seen any of the deposition transcripts in *Van Cleave* but assumes they likely discuss the products at issue in that case, which are not the products at issue in this case. Probably the written discovery, summary judgment documents, and trial exhibits are also about the products in that case. Evidence in *Van Cleave* about unhealthy levels of sugar probably focuses on what is unhealthy for children, because that's what that lawsuit is about, but it's not what this lawsuit is about. The Court understands that some of the health claims in *Van Cleave* look pretty similar to some of the health claims in this case, but these are different products intended for different categories of people. A deep dive into testimony, written discovery, and summary judgment and trial exhibits in a case about products specifically intended for children just doesn't seem like a good way of finding evidence that would be useful in this case. Accordingly, Plaintiff's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 4, 2025

THOMAS S. HIXSON
United States Magistrate Judge

2