UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALISA LEGRAND,<br><br>    Plaintiff,<br><br>    v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant. | Case No. 22-cv-05815-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 131 |

## I. INTRODUCTION

Condalisa LeGrand brings this putative class action against Abbott Laboratories, alleging certain statements on the labels of Abbott's Ensure® nutrition drinks are false and misleading. Plaintiff's Second Amended Complaint ("SAC") adds the "Ensure Plus" line of nutrition shakes to Plaintiff's list of challenged products. Abbott now moves for partial dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6), arguing LeGrand fails to state a claim with respect to two statements on the Ensure Plus label: "Complete, Balanced Nutrition" and "350 calories to help gain or maintain a healthy weight." ECF No. 131. LeGrand filed an Opposition (ECF No. 147) and Abbott filed a Reply (ECF No. 150). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 20, 2025 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.[1]

## II. BACKGROUND

Abbott manufactures, markets, and distributes several different "nutrition" shakes and drinks under its Ensure brand. Second Am. Compl. ("SAC") ¶ 1, ECF No. 116. Among those

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 9, 27.

Ensure products (the "challenged products") are seven at issue in this case: Ensure Original Nutrition Shake, Ensure Complete Nutrition Shake, Ensure Compact Therapeutic Nutrition Shake, Ensure Clear Nutrition Drink, Ensure Original Nutrition Powder, Ensure Enlive Advanced Nutrition Shake, and Ensure Plus Nutrition Shake. *Id.* & n.1. Abbott markets the products with health and wellness labeling such as "#1 Doctor Recommended Brand" and "Complete, Balanced Nutrition for everyday health." *Id.* ¶¶ 1, 12, 14.

LeGrand is a California resident who purchased the Ensure Original Nutrition Shake on multiple occasions. *Id.* ¶¶ 8, 107. In purchasing the product, LeGrand was exposed to and relied on Abbott's label representations, such as that the products were "Doctor Recommended" and "nutrition shake[s]." *Id.* ¶ 108. Abbott adds up to 22 grams of sugar per serving to the Ensure Nutrition Drinks. *Id.* ¶ 2. There is scientific evidence demonstrating that consuming sugar-sweetened beverages harms, rather than supports, overall health. *Id.* ¶¶ 2, 37–45, 47–65. Because of this scientific evidence and the sugar content of the challenged products, LeGrand alleges Abbott's representations that the challenged products are balanced, nutritious, and healthy are false and misleading. *Id.* ¶¶ 2, 46, 66, 77, 80, 104.

On October 6, 2022, LeGrand filed the initial complaint in this matter, along with a co-plaintiff, Larissa Bates, who is a resident of New York and purchased Ensure Complete Nutrition Shakes there. Compl. ¶¶ 9, 108, ECF No. 1. LeGrand and Bates sought to bring a class action on behalf of themselves and other consumers who bought the products, defining members of a nationwide class, as well as California and New York subclasses, to include persons who purchased any of the following six Ensure brand nutrition drinks for personal or household use during the class period: Ensure Original Nutrition Shake, Ensure Complete Nutrition Shake, Ensure Compact Therapeutic Nutrition Shake, Ensure Clear Nutrition Drink, Ensure Original Nutrition Powder, and Ensure Enlive Advanced Nutrition Shake. *Id.* ¶¶ 1 n.1, 124. Plaintiffs brought the following causes of action: violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; violation of California's False Advertising Law ("FAL"), *id.* §§ 17500 et seq.; violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; Breach of Express Warranties, Cal. Com. Code §

2313(1); Breach of Implied Warranty of Merchantability, *id.* § 2314; violation of N.Y. Gen. Bus. Law. § 349; violation of N.Y. Gen. Bus. Law. § 350; Unjust Enrichment; Negligent Misrepresentation; and Intentional Misrepresentation. *Id*. ¶¶ 133–214.

In December 2022, Abbott moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), arguing the Court lacked jurisdiction as to New York resident Bates's claims and that Plaintiffs' claims failed under several grounds, including statutory standing and preemption. In February 2023, the Court granted in part and denied in part Abbott's motion. ECF No. 33. The Court found LeGrand may have standing to assert claims for unnamed class members based on products she did not purchase "'so long as the products and alleged misrepresentations are substantially similar.'" *Id.* at 10 (quoting *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012)). The Court granted Plaintiff leave to amend. *Id.* at 28.

On March 10, 2023 LeGrand filed her first amended complaint (FAC), seeking to represent a class of all persons in the United States, and a subclass of all persons in California, who purchased any of the six Ensure brand nutrition drinks named in her initial complaint during the class period. FAC ¶ 122, ECF No. 37. In her FAC, Plaintiff alleged unjust enrichment, negligent misrepresentation, and intentional misrepresentation on behalf of all class members. FAC ¶¶ 179–99. On behalf of the California subclass, Plaintiff alleged violations of the UCL, FAL, and CLRA; Breach of Express Warranties, Cal. Com. Code § 2313(1); and Breach of Implied Warranty of Merchantability, Cal. Com. Code § 2314. FAC ¶¶ 131–78.

In April 2023, Abbott filed a partial motion to dismiss Plaintiff's FAC. ECF No. 40. In May 2023, the Court granted Abbott's motion to dismiss the FAC to the extent the FAC challenges the statement "All-in-One blend to support your health." ECF No. 46 at 11. The Court denied leave to amend on the ground that it would be futile. *Id.*

On December 3, 2024, the Court granted Plaintiff leave to file a file a Second Amended Complaint ("SAC") against Abbott. ECF No. 113. Plaintiff filed her SAC on December 11, 2024. ECF No. 116. In her SAC, Plaintiff added the Ensure Plus Nutrition Shake to the list challenged products and added two paragraphs pertaining to Ensure Plus. SAC ¶¶ 1 n.1, 16–17, ECF No. 116.

1  On January 15, 2025, Abbott filed the instant partial motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), arguing LeGrand fails to state a claim with respect to two statements on the Ensure Plus label: "Complete, Balanced Nutrition" and "350 calories to help gain or maintain a healthy weight." ECF No. 131. LeGrand filed an Opposition (ECF No. 147) and Abbott filed a Reply (ECF No. 150).

### III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to

4

1  cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . .,
2  [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th
3  Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

### A.   "Complete, Balanced Nutrition"

Abbott argues that the statement "Complete, Balanced Nutrition" on the Ensure Plus label constitutes a nutrient content statement under federal law and that Plaintiff's state law claims challenging that statement are thus preempted.

"Federal preemption occurs when: (1) Congress enacts a statute that explicitly pre-empts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Chae v. SLM Corp.*, 593 F.3d 936, 941 (9th Cir. 2010) (quotations omitted). In 1990, Congress amended the Food, Drug, and Cosmetic Act ("FDCA"), which Congress amended in 1990 to "establish[] uniform food labeling requirements." *Lilly v. ConAgra Foods, Inc.*, 743 F.3d 662, 664 (9th Cir. 2014). To ensure uniformity, the 1990 amendments explicitly provide that no state may "directly or indirectly establish . . . any requirement respecting any claim of the type described in section 343(r)(1) of this title made in the label or labeling of food that is not identical to the requirement of section 343(r) of this title . . . ." 21 U.S.C. § 343-1(a)(5). Accordingly, states cannot set any requirements or restrictions on food labeling "characteriz[ing] the level of any nutrient" defined in the FDCA that are not identical to the FDCA restrictions. 21 U.S.C. § 343(r)(1). This means that a state law regulating food labeling of nutrient levels is preempted both "when a state law prohibits labeling that is permitted under federal law" and "when a state law prohibits labeling that is not prohibited under federal law." *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 375 (S.D.N.Y. 2014). *See also Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1071 (N.D. Cal. 2017). "Statements that do not involve . . . health or nutrient content claims (or nutritional labeling information under section 343(q))" of

the FDCA are not preempted.[2] *McMorrow v. Mondelez Int'l, Inc.*, No. 17-cv-02327-BAS-JLB, 2018 WL 3956022, at *6 (S.D. Cal. Aug. 17, 2018).

A nutrient content claim is one which "expressly or implicitly characterizes the level of a nutrient of the type required to be in nutrition labeling," 21 C.F.R. § 101.13(b). An "expressed nutrient content claim is any direct statement about the level (or range) of a nutrient in the food, e.g., 'low sodium' or 'contains 100 calories.'" 21 C.F.R. § 101.13(b). "An implied nutrient content claim is any claim that: (i) [d]escribes the food or an ingredient therein in a manner that suggests that a nutrient is absent or present in a certain amount (e.g., 'high in oat bran'); or (ii) [s]uggests that the food, because of its nutrient content, may be useful in maintaining healthy dietary practices and is made in association with an explicit claim or statement about a nutrient (e.g., 'healthy, contains 3 grams (g) of fat')." 21 C.F.R. § 101.13(b)(2). The burden of persuasion to demonstrate preemption is on the party seeking preemption. *Hadley*, 273 F. Supp. 3d at 1076.

In February 2023, the Court granted Defendant's motion to dismiss Plaintiff's claim challenging the statement "Complete, Balanced Nutrition" on the Ensure Compact Therapeutic Nutrition Shake packaging. ECF No. 33 at 14, 15. There, the Court found that:

> "Complete, Balanced Nutrition" on the Ensure Compact Therapeutic Nutrition Shake packaging appears alongside the statement that the product contains "9 g Protein" and is thus implied nutrient content. ECF No. 1 at 8. Although the statements are not immediately next to one another, they are in the same graphic, and "Complete, Balanced Nutrition" appears to signify that the product is healthy, in part, because it provides high levels of protein.

ECF No. 33 at 14. Plaintiff argues that the statement "Complete, Balanced Nutrition" on the Nutrition Plus label is not a nutrient content claim because it appears "in a standalone circle" rather than in the same graphic as the nutrient information. Opp'n at 3. Plaintiff asserts that this is similar to how "Complete, Balanced Nutrition" appears on the Ensure Complete label, which Abbott has never argued is preempted. Opp'n at 3 n.1.

However, "[s]tatements do not have to appear directly next to an explicit nutrient content

---

[2] The FDCA also limits state regulation of food labeling which "characterizes the relationship of any nutrient . . . to a disease or a health-related condition[.]" 21 U.S.C. § 343(r)(1). *See McMorrow*, 2018 WL 3956022, at *5.

claim to be implied as such[.]" ECF No. 33 at 13–14. *See Krommenhock v. Post Foods*, LLC, 334 F.R.D. 552, 571 (N.D. Cal. 2020) (noting that "'magic words' that might create an implied nutrient claim do not need to be directly adjacent to the discussion of a nutrient to create an implied nutrient content claim," although "there must be connection given the words, their placement, and their context.") (quotations omitted). Here, "Complete Balanced Nutrition" on the Ensure Plus Nutrition Shake label appears directly above the statement that Ensure Plus contains "16g Protein," "350 Calories" and "27 Vitamins and Minerals[.]" The Court finds that "Complete, Balanced Nutrition" likewise "appears to signify that the product is healthy, in part, because it provides high levels of protein[,]" ECF No. 33 at 14, and is thus preempted as an implied nutrient content claim.

Accordingly, the Court **GRANTS** Defendant's motion with respect to Plaintiff's challenge to the label statement, "Complete, Balanced Nutrition." The Court denies leave to amend, as amendment would be futile.

**B.    "350 calories to help gain or maintain a healthy weight"**

Defendant contends that Plaintiff has not plausibly alleged that the statement "350 calories to help gain or maintain a healthy weight" on the Ensure Plus Nutrition Shake packaging is false or misleading.

**1.    Claims under UCL, FAL and CLRA**

LeGrand alleges that Ensure Plus Nutrition Shakes are marketed with label statements including "350 calories to help gain or maintain a healthy weight." SAC ¶ 17. LeGrand alleges that this statement conveys that Ensure Plus is "beneficial to health generally, and to the maintenance of a healthy weight in a healthy manner[,]" but that this statement is misleading because Ensure Plus is harmful to overall health based on its added sugar content. *Id.* ¶¶ 2, 17.

To state a claim under the UCL, FAL, and CLRA, LeGrand must allege facts satisfying the "reasonable consumer" standard, i.e., "show[ing] that members of the public are likely to be deceived." *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quotations omitted). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner."

7

*Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). "Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* Whether a business practice is deceptive is an issue of fact not generally appropriate for decision on a motion to dismiss. *See, e.g., Williams*, 552 F.3d at 938-39 (citing *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134-35 (2007)). Under the reasonable consumer test, it is a "rare situation in which granting a motion to dismiss is appropriate," *Williams*, 552 F.3d at 939, because "it raises questions of fact." *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). At this stage, the Court need only decide whether LeGrand plausibly alleges that the label statement "350 calories to help gain or maintain a healthy weight" is false, deceptive or misleading. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965, 966 (9th Cir. 2016).

       As an initial matter, Abbott argues that the statement "350 calories to help gain or maintain a healthy weight" cannot form the basis for Plaintiff's claims because Plaintiff does not contend that Ensure Plus has more or less than 350 calories. Mot. at 4–5. But the fact that Ensure Plus has 350 calories "does not conclusively prevent a reasonable consumer from being misled" by the statement. *LeGrand v. Abbott Lab'ys*, 655 F. Supp. 3d 871, 892 (N.D. Cal. 2023). California consumer protection laws "prohibit 'not only advertising which is false, but also advertising which [,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Williams*, 552 F.3d at 938 (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950) (2002)). While it may be true that Ensure Plus has 350 calories, "that does not prevent [the statement] from creating a false impression of health when read in the context of the packaging." *LeGrand*, 655 F. Supp. 3d at 892; *see also Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018) (although the statement "Made with 5G [or 8G] of Whole Grain Per Serving" accurately reflected the amount of whole grain per serving, it was misleading because it falsely implied that the grain content was predominantly whole grain).

       Abbott further argues that "350 calories to help gain or maintain a healthy weight" is non-actionable puffery. Mot. at 5; Reply at 5. "[T]he determination of whether an alleged misrepresentation 'is a statement of fact' or . . . 'mere puffery' is a legal question that may be

8

resolved on a Rule 12(b)(6) motion." *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) (quoting *Cook, Perkiss, & Liehe v. Northern California Collection Service, Inc*, 911 F.2d 242, 245 (9th Cir.1990)). "A statement is considered puffery if the claim is extremely unlikely to induce consumer reliance. Ultimately, the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim." *Id*.

Abbott asserts that a reasonable consumer could not rely on the statement because Plaintiff does not allege any means of measuring a healthy weight in her SAC. However, the case law Defendant cites in service of this argument concerns advertising statements that evaded the very possibility of measurement. *McMorrow*, 2018 WL 3956022, at *11 (finding that statements "'Power Up People,' 'delicious,' 'part of a balanced breakfast,' 'specifically baked to release energy regularly and continuously to fuel your body throughout the morning,' and 'satisfying morning energy' involve unspecified assertions that cannot be measured concretely."). Defendant offers no authority to indicate that a plaintiff is required to specifically allege means of measurement. Moreover, the SAC includes allegations and citations to studies that presuppose the quantifiability of a "healthy weight" and address the manner of weight gain. *See, e.g.*, SAC ¶¶ 41 (alleging that consumption of sugar-sweetened beverages is associated with obesity), 41 n.12 (citing article concerning "adiposity gain"), 60 (alleging basis for association between sugar consumption and obesity), 62 (alleging connection between childhood consumption of sugar-sweetened beverages and likelihood of being "overweight"). The omission of allegations explaining how a healthy weight is measured does not make "healthy weight" so "generalized, vague and unspecific" that a reasonable consumer could not rely on it. *McMorrow*, 2018 WL 3956022, at *10.

Drawing all inferences in LeGrand's favor, the Court finds "it plausible that such statements could mislead reasonable consumers into believing the product[] [is] healthy" and beneficial to maintenance of a healthy weight in a healthy manner. *LeGrand*, 655 F. Supp. 3d at 891. *See McMorrow*, 2018 WL 3956022, at *9 (finding plausible that "a reasonable consumer with certain expectations of health that do not include the amount of sugar in the Products" could be misled based on statements such as "Nutritious Sustained Energy.").

1   In conclusion, based on the facts pled and drawing all inferences in favor of Plaintiff, the Court finds it plausible that a significant portion of consumers acting reasonably under the circumstances could be misled by Ensure Plus's label statement of "350 calories to help gain or maintain a healthy weight."

Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's UCL, FAL and CLRA claims challenging the label statement, "350 calories to help gain or maintain a healthy weight."

### 2.  Common Law Claims

#### a.  Breach of Express Warranty under California Law

Abbott argues that the "healthy weight" portion of "350 calories to help gain or maintain a healthy weight" is not specific enough to form an express warranty.  Mot. at 5–6.  Abbott contends that "healthy weight" cannot form the basis of any bargain because it "is of such a general nature that a reasonable consumer would not rely on it as a statement of fact regarding the product." *Id.* at 5; *McMorrow*, 2018 WL 3956022, at *12.  LeGrand argues that "[c]onsumers purchase Ensure Plus so they can be healthy, achieve a healthy weight and maintain that healthy weight" and that consumption of Ensure Plus is more likely to result in unhealthy weight gain.  Opp'n at 7.

Under California law, "a plaintiff asserting a breach of warranty claim must allege facts sufficient to show that: (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *Mattero v. Costco Wholesale Corp.*, 336 F. Supp. 3d 1109, 1115 (N.D. Cal. 2018) (citing *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010)).  Statements on a product's label are part of the bargain between buyer and seller, *Weinstat*, 180 Cal. App. 4th at 1227, and create express warranties, *Mattero*, 336 F. Supp. 3d at 1115-16 (citing several cases).  "Courts look to the context of the statement to determine whether an express warranty has been made, including the label." *LeGrand*, 655 F. Supp. 3d at 897.  "The determination as to whether a particular statement is an expression of opinion or an affirmation of fact is often difficult, and frequently is dependent upon the facts and circumstances existing at the time the statement is made." *Keith v. Buchanan*, 173 Cal. App. 3d 13, 21 (1985).  "As such,

courts liberally construe sellers' affirmations of quality in favor of injured consumers." *Jones v. Nutiva, Inc.*, No. 16-cv-00711-HSG, 2016 WL 5210935, at *9 (N.D. Cal. Sept. 22, 2016).

"[C]ourts in this district regularly hold that stating a claim under California consumer protection statutes is sufficient to state a claim for express warranty." *Hadley*, 273 F. Supp. 3d at 1095 (citing *Tsan v. Seventh Generation, Inc.*, No. 15-cv-205-JST, 2015 WL 6694104, at *7 (N.D. Cal. Nov. 3, 2015). *See also Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1195 (N.D. Cal. 2014) (denying motion to dismiss breach of express warranty claim "for the same reasons as the consumer protection and misrepresentation-based claims."). As LeGrand's UCL, FAL and CRLA allegations based on this label statement "are sufficient to state a claim under the reasonable consumer standard, they are likewise sufficient to state a claim for breach of express warranty." *Cooper v. Curallux LLC*, No. 20-cv-2455-PJH, 2020 WL 4732193, at *7 (N.D. Cal. Aug. 14, 2020).

Accordingly, the Court **DENIES** Abbott's Motion to Dismiss the express warranty claim with respect to the label statement, "350 calories to help gain or maintain a healthy weight."

### b. Implied Warranty of Merchantability

Abbott states that Plaintiff's "warranty claims" must be dismissed. However, Abbott does not address Plaintiffs' implied warranty of merchantability claim in its motion to dismiss.

Accordingly, the Court **DENIES** Abbott's Motion to Dismiss the implied warranty claim with respect to the label statement, "350 calories to help gain or maintain a healthy weight."

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

**IT IS SO ORDERED.**

Dated: March 14, 2025

THOMAS S. HIXSON
United States Magistrate Judge

11