UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALISA LEGRAND,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. 22-cv-05815-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 155, 157 |

The parties have filed two joint discovery letter briefs. ECF Nos. 155, 157. The Court rules as follows.

**A.     ECF No. 155**

Abbott moves to compel concerning its request for production ("RFP") 24 and its requests for admission ("RFAs") 33, 34, 35 and 42.

RFP 24 asks for "All Documents, including receipts or other electronic purchase records or histories, reflecting purchases of any food or beverage intended for consumption by You, including from Albertson's, Aldi, Amazon.com, Caviar, CVS, DoorDash, Grubhub, Gopuff, Instacart, Lidl, Kroger, Safeway, Sam's Club, Target, UberEats, Walgreens, Walmart, or any other retailer, website, or application." Plaintiff states without contradiction that the time period embraced by this RFP is about five years.

The RFAs ask Plaintiff to "Admit that Plaintiff consumed alcoholic beverages during the Relevant Time Period" (33); "Admit that Plaintiff consumed fruit juice during the Relevant Time Period" (34); "Admit that Plaintiff consumed sugar-sweetened carbonated beverages during the Relevant Time Period" (35); and "Admit that Plaintiff has an Amazon.com account" (42).

The eating habits of one particular individual are not relevant to whether Abbott's

marketing claims are deceptive or not, but they could be relevant to the credibility of Plaintiff's assertion that she relied on Abbott's representations. RFAs 33-35 ask whether Plaintiff consumed other high calorie beverages, and if she did, that might undermine her claim of reliance. The Court will allow the RFAs.

RFP 24 is overbroad and harassing. There is no legitimate purpose served by ordering Plaintiff to disclose every food and beverage purchase for five years. Abbott doesn't say much about RFA 42, but presumably it is in service of RFP 24, which the Court will not enforce.

Abbott's motion to compel is **GRANTED** as to RFAs 33-35 and **DENIED** as to RFP 24 and RFA 42.

**B.    ECF No. 157**

Abbott moves for a protective order concerning topic 12 in Plaintiff's Rule 30(b)(6) deposition notice, which (after being narrowed during meet and confer) relates to FTC proceeding 962 3069. The parties represent that the FTC proceeding concluded in 1997, resulting in a consent decree that expired in 2017. The Court grants the motion. This deposition topic is huge in scope, would require significant preparation by Abbott, and has at best an attenuated relevance to this case. This discovery is not proportional to the needs of the case.

Abbott's motion for a protective order is **GRANTED** and topic 12 is **QUASHED**.

**IT IS SO ORDERED.**

Dated: April 11, 2025

THOMAS S. HIXSON
United States Magistrate Judge