UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALISA LEGRAND,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. 22-cv-05815-TSH<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 165 |

In ECF No. 165, Plaintiff argues that Abbott violated the Court's order at ECF No. 117 and seeks evidentiary sanctions under Rule 37. Plaintiff also says that if the Court is not inclined to do that, then it should grant a motion to compel. The Court thinks this is primarily a request for sanctions, as that is the first and primary relief Plaintiff seeks. The motion to compel is presented as a lesser and alternative remedy.

Abbott is correct that under the Court's local rules, a joint discovery letter brief is not the proper vehicle for seeking sanctions. Civil Local Rule 7-8(a) and (b) state: "Any motion for sanctions, regardless of the sources of authority invoked, must comply with the following: (a) The motion must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2; (b) The form of the motion must comply with Civil L.R. 7-2 . . ." For sanctions motions that arise under Rule 37, as this one does, these requirements are repeated in Civil Local Rule 37-4(a). Civil Local Rule 7-2(a) requires a motion to be filed on 35 days' notice, which a joint discovery letter brief does not comply with as the opposition and the motion are filed at the same time. And Civil Local Rule 7-2(b) specifies a form of briefing that is a regular legal brief, not a joint discovery letter brief.

Accordingly, Plaintiff's motion for sanctions is **DENIED** without prejudice to refiling it in

1 compliance with the local rules.

2 **IT IS SO ORDERED.**

4 Dated: June 9, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge