UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALISA LEGRAND,<br><br>                    Plaintiff,<br><br>        v.<br><br>ABBOTT LABORATORIES,<br><br>                    Defendant. | Case No.  22-cv-05815-TSH<br><br>**ORDER RE:  ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re:  Dkt. Nos. 137, 161, 162, 170, 171 |

## I.   INTRODUCTION

Condalisa LeGrand brings this putative class action against Abbott Laboratories ("Abbott"), alleging certain statements on the labels of Abbott's Ensure® nutrition drinks are false and misleading.  ECF No. 116 (Second Amended Complaint).  Pending before the Court are two administrative motions to file under seal brought by LeGrand (ECF Nos. 137, 171) and three administrative motions to file under seal brought by Abbott (ECF Nos. 161, 162, 170).  For the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** LeGrand's first Motion, **DENIES** LeGrand's second Motion, **DENIES** Abbott's first Motion, **GRANTS** Abbott's second Motion, and **DENIES** Abbott's third Motion.[1]

## II.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7 (1978)).  Courts generally apply a "compelling reasons" standard when

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 9, 27.

considering motions to seal, recognizing that "a strong presumption in favor of access is the starting point." *Id.* (cleaned up).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (cleaned up).  By contrast, a "good cause showing" under Federal Rule of Civil Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180.

Here, the documents at issue in LeGrand's Administrative Motions (ECF Nos. 137, 171) were filed in connection with her Motion for Class Certification and corresponding Reply (ECF Nos. 137-3, 168).  The documents at issue in Abbott's first and second Administrative Motions (ECF Nos. 161, 162) were filed in connection with its Opposition to the Motion for Class Certification (ECF No. 161-4).  Motions for Class Certification, along with their attached documents, are more than tangentially related to the merits of a case.  *See, e.g., Guynn-Neupane v. Mahna Legal Serv.*, *LLC*, No. 19-cv-02652-VKD, 2021 WL 4481661, at *1 n.3 (N.D. Cal. Sept. 30, 2021) (applying compelling reasons standard to motions to seal documents relating to class certification); *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6395513, at *1 (N.D. Cal. Feb. 4, 2020) (same); *Yan Mei Zheng v. Toyota Motor Corp.*, No. 17-cv-06591-BLF, 2019 WL 6841324, at *1 (N.D. Cal. Dec. 16, 2019) (same).  Accordingly, the compelling reasons standard applies to LeGrand's administrative motions and to Abbott's first and second administrative motions.

The documents at issue in Abbott's third Administrative Motion (ECF No. 170) were filed by Abbott in connection with its Reply in Support of its *Daubert* Motion to Exclude (ECF No. 170-4).  Where, as here, a *Daubert* motion pertains to central issues bearing on a motion for class certification, the compelling reasons standard applies.  *Cf. Ctr. for Auto Safety*, 809 F.3d at 1100 (treating *Daubert* motion as dispositive because it "pertain[ed] to central issues bearing on defendant's summary judgment motion," and applying compelling reasons standard to the motion);

*see also Fodera v. Equinox Holdings, Inc.*, 341 F.R.D. 616, 635 (N.D. Cal. 2022) (applying compelling reasons standard to documents bearing on predominance). Accordingly, the compelling reasons standard applies to Abbott's third administrative motion.

Civil Local Rule 79-5 supplements the "compelling reasons" standard. *Exeltis*, 2020 WL 2838812, at *1. Where, as here, a filing party (the "Filing Party") seeks to seal a filed document because that document has been designated as confidential by another party (the "Designating Party"), the Filing Party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Civ. L.R. 79-5(f). This motion must identify each document or portions thereof for which sealing is sought. *Id.* "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" including "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." *Id.* at 79-5(c)(1), (f). That statement must include (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient. *Id.* at 79-5(c)(1). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without notice to the Designating Party. *Id.*

Under Civil Local Rule 79-5, a motion to seal a party's own document must include "a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of . . . why a less restrictive alternative to sealing is not sufficient." *Id.* (emphasis in original). The motion must also include "a proposed order that is narrowly tailored to seal only the sealable material." *Id.* at 79-5(c)(3). "A party must . . . avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." *Id.* at 79-5(a). "Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

### III. LEGRAND'S MOTIONS TO SEAL

**A.     ECF No. 137**

On January 23, 2025, LeGrand filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with her Motion for Class Certification. ECF Nos. 137, 137-3. LeGrand moves to file sixteen documents under seal on the basis that they were designated as "Confidential" or "Highly Confidential" by Abbott:

- Declaration of Melanie R. Monroe ("Monroe Decl."), Ex. 2 (ECF No. 137-4)
- Monroe Decl., Ex. 7 (ECF No. 137-5)
- Monroe Decl., Ex. 8 (ECF No. 137-6)
- Monroe Decl., Ex. 9 (ECF No. 137-7)
- Monroe Decl., Ex. 10 (ECF No. 137-8)
- Monroe Decl., Ex. 11 (ECF No. 137-9)
- Monroe Decl., Ex. 19 (ECF No. 137-10)
- Monroe Decl., Ex. 20 (ECF No. 137-11)
- Monroe Decl., Ex. 21 (ECF No. 137-12)
- Monroe Decl., Ex. 23 (ECF No. 137-13)
- Monroe Decl., Ex. 24 (ECF No. 137-14)
- Monroe Decl., Ex. 25 (ECF No. 137-15)
- Monroe Decl., Ex. 26 (ECF No. 137-16)
- Monroe Decl., Ex. 27 (ECF No. 137-17)
- Monroe Decl., Ex. 29 (ECF No. 137-18)
- Monroe Decl., Ex. 31 (ECF No. 137-19)

ECF No. 137. LeGrand also seeks sealing of certain portions of three documents on the basis that they quote from and discuss the above documents:

- LeGrand's Motion for Class Certification ("Mot. Cert.") (ECF No. 137-3)
- Expert Declaration of Dr. Michael Greger ("Greger Decl.") (ECF No. 137-20)
- Declaration of Colin B. Weir ("Weir Decl.") (ECF No. 137-21)

4

*Id.*

On January 30, 2025, Abbott responded to LeGrand's first Administrative Motion requesting sealing of the following thirteen documents identified by LeGrand:

- Monroe Decl., Ex. 2 (91:20–23; 104:1, 5–7, 20–24; 167:1–21; 209:2–6; 221:1–3)
- Monroe Decl., Ex. 7 (4-6, 13–14, 16)
- Monroe Decl., Ex. 8 (7, 9–10, 58–59, 67, 76, 79, 81)
- Monroe Decl., Ex. 9 (4–5, 14–15, 24, 41)
- Monroe Decl., Ex. 10 (2–3, 5–10, 12–30, 32–36)
- Monroe Decl., Ex. 11 (2–14)
- Monroe Decl., Ex. 19 (1–10, 12–16)
- Monroe Decl., Ex. 20 (6, 9, 10)
- Monroe Decl., Ex. 21 (2–6)
- Monroe Decl., Ex. 26 (2, 4–11)
- Greger Decl. (Page 29: all of LeGrand's designations)
- Weir Decl. (Pages 6–7: all of LeGrand's designations)
- Mot. Cert. (3:13–16; 3:18–21; 3:27–28; 4:1–6; 5:19–22; 5:28–6:1, 6:3–4; 6:16–20; 9:28; 11:27–28; 12:1–10, 12:20–23)

ECF Nos. 140, 140-1. In support of its request, Abbott submits declarations from Tracie Bryant and Meaghan Bird setting forth the bases for sealing the documents. *See* Declaration of Tracie L. Bryant ("Bryant Decl.") (ECF No. 140-1); Declaration of Meaghan Bird ("Bird Decl.") (ECF No. 140-3).

On February 3, 2025, LeGrand filed a Partial Opposition to Abbott's Statement in Support of Sealing. ECF No. 141. LeGrand opposes Abbott's request to seal the following eight documents:

- Monroe Decl., Ex. 2 (all portions identified by Abbott)
- Monroe Decl., Ex. 7 (4, 6, 14)
- Monroe Decl., Ex. 10 (2–3, 12, 15, 20, 22)
- Monroe Decl., Ex. 11 (2)

5

United States District Court
Northern District of California

1. - Monroe Decl., Ex. 20 (6)
2. - Monroe Decl., Ex. 21 (2–3)
3. - Weir Decl. (¶¶ 23–24, 27, and part of ¶ 26)
4. - Mot. Cert. (6:1–4)

*Id.* LeGrand argues that for these documents, Abbott has not met its burden to show that the documents should be sealed. *Id.*

All of Abbott's sealing requests relate to documents that "reveal Abbott's business strategy related to the marketing and pricing of its Ensure® products, Abbott's internal marketing research and analysis, and confidential financial data." ECF No. 140. Overall, Abbott argues that sealing is required because public disclosure of Abbott's highly confidential and trade secret information would cause Abbott competitive harm. *Id.* Specifically, Exhibit 2 is an excerpt from the deposition of Ms. Bird that discusses non-public marketing strategies and market research and analysis. Bryant Decl. ¶ 3. Exhibit 7 discusses Abbott's marketing strategy for two groups of target customers and analyses of its competitors. *Id.* at ¶ 4. Exhibit 8 discusses business strategy, including Abbott's confidential instructions for creating advertisements. *Id.* at ¶ 5. Exhibit 9 discusses specific tasks for the marketing team to target consumers and market research. *Id.* at ¶ 6. Exhibit 10 discusses a marketing study used to drive health care provider recommendations and analyses of Abbott's competitors. *Id.* at ¶ 7. Exhibit 11 discusses market research and marketing strategies. *Id.* at ¶ 8. Exhibit 19 discusses marketing strategies with recommendations based on market research and analyses of Abbott's competitors. *Id.* at ¶ 9. Exhibit 20 discusses market research and survey group data. *Id.* at ¶ 10. Exhibit 21 discusses market research and marketing strategy based on focus group surveys. *Id.* at ¶ 11. Exhibit 26 discusses business strategies and possible product formula changes. *Id.* at ¶ 12. The portions of the Motion for Class Certification, Greger Declaration, and Weir Declaration identified by Abbott cite or quote from the foregoing documents. *Id.* at ¶¶ 13–15.

LeGrand responds that the Court previously found that Abbott failed to articulate its reasoning for sealing certain testimony by Meaghan Bird and that it was not evident that disclosure would result in particularized harm to Abbott. ECF No. 141 (citing ECF No. 129).

According to LeGrand, Abbott's requests should again be denied for these reasons.[2] *Id.* Specifically, LeGrand posits the following arguments regarding portions that should not be sealed. Exhibit 2 contains information that is publicly available, including through publicly filed documents in this case, and is too general to cause harm. *Id.* at 2–3. Exhibit 7 contains general demographic information and publicly available information and advertising. *Id.* at 3. Exhibit 10 contains general information that could not cause competitive harm. *Id.* Exhibit 11 contains general information about the study. *Id.* at 3–4. Exhibit 20 contains an overview of a decade old study. *Id.* at 4. Exhibit 21 discusses broad research goals and study design. *Id.* The Weir Declaration contains general information, much of which was publicly disclosed. *Id.*

The Court has reviewed the requested portions to be sealed. The Court agrees that there are compelling reasons to redact the portions requested by Abbott in the Motion for Class Certification (ECF No. 137-3), Monroe Decl., Ex. 2 (ECF No. 137-4), Monroe Decl., Ex. 8 (ECF No. 137-6), Monroe Decl., Ex. 9 (ECF No. 137-7), Monroe Decl., Ex. 10 (ECF No. 137-8), Monroe Decl., Ex. 11 (ECF No. 137-9), Monroe Decl., Ex. 19 (ECF No. 137-10), Monroe Decl., Ex. 20 (ECF No. 137-11), Monroe Decl., Ex. 21 (ECF No. 137-12), Monroe Decl., Ex. 26 (ECF No. 137-16), Greger Decl. (ECF No. 137-20), and Weir Decl. (ECF No. 137-21) as they relate to confidential business documents. *See Regis Metro Associates, Inc. v. NBR Co*., LLC, No. 20-cv-02309-DMR, 2022 WL 267443, at *14 (N.D. Cal. Jan. 28, 2022) (granting motion to seal because "[a]ll of the documents contain sensitive business information or may be subject to confidentiality agreements"); *In re Apple Inc. Device Performance Litigation*, No. 5:18-md-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) (noting that under the compelling reasons standard, courts have upheld the sealing of "trade secrets, marketing strategies, product development plans, detailed product specific financial information, customer information, internal reports, and other such materials that would harm a party's competitive standing"). The Court also finds that compelling reasons exist to redact Monroe Decl., Ex. 7 (ECF No. 137-5), at 5, 13, 16. However,

---

[2] LeGrand relies on an incorrect standard—as discussed above, here, the compelling reasons standard applies. However, the Court considers LeGrand's arguments in determining whether Abbott has established that compelling reasons exist to seal the documents at issue.

7

1  the Court agrees with LeGrand that compelling reasons do not exist to redact Monroe Decl., Ex. 7,
2  at 4, 6, 14, because it contains general information and publicly available advertising information.
3        Accordingly, the Court **GRANTS** LeGrand's first Administrative Motion to seal the
4  Motion for Class Certification (ECF No. 137-3), Monroe Decl., Ex. 2 (ECF No. 137-4), Monroe
5  Decl., Ex. 7 (ECF No. 137-5), Monroe Decl., Ex. 8 (ECF No. 137-6), Monroe Decl., Ex. 9 (ECF
6  No. 137-7), Monroe Decl., Ex. 10 (ECF No. 137-8), Monroe Decl., Ex. 11 (ECF No. 137-9),
7  Monroe Decl., Ex. 19 (ECF No. 137-10), Monroe Decl., Ex. 20 (ECF No. 137-11), Monroe Decl.,
8  Ex. 21 (ECF No. 137-12), Monroe Decl., Ex. 26 (ECF No. 137-16), Greger Decl. (ECF No. 137-
9  20), and Weir Decl. (ECF No. 137-21). Abbott is hereby **DIRECTED** to file those documents in
10 the public record within three days with redactions as specified above.
11       In its response to LeGrand's first Administrative Motion, Abbott states that it does not seek
12 sealing of six documents: Monroe Decl., Exs. 23, 24, 25, 27, 29, 31. ECF No. 140. Accordingly,
13 the Court **DENIES** LeGrand's first Administrative Motion to seal Monroe Decl., Ex. 23 (ECF No.
14 137-13), Monroe Decl., Ex. 24 (ECF No. 137-14), Monroe Decl., Ex. 25 (ECF No. 137-15),
15 Monroe Decl., Ex. 27 (ECF No. 137-17), Monroe Decl., Ex. 29 (ECF No. 137-18), and Monroe
16 Decl., Ex. 31 (ECF No. 137-19), and LeGrand is hereby **DIRECTED** to file the items at issue in
17 the public record no sooner than three days and no later than seven days from the date of this
18 order.
19       In addition, LeGrand requests that the Court "now Order unsealed Exhibit 1 to the parties'
20 Joint Statement regarding the Motion to Maintain Confidentiality, Dkt. No. 124-1." ECF No. 141,
21 at 3. According to LeGrand, Abbott did not file the required narrowly tailored redactions. *Id.*
22 LeGrand is correct that on January 9, 2025, the Court ordered Abbott to file "narrowly tailored
23 proposed redactions within seven days of this order" for the excerpts from the Deposition of
24 Meaghan Bird (Joint Statement, Ex. 1 (ECF No. 125-3)).[3] *See* ECF No. 130 (Order on Motion to
25 Seal). Abbott did not do so. Accordingly, the Court **DENIES** LeGrand's Administrative Motion
26 at ECF No. 125 to seal Joint Statement, Ex. 1 (ECF No. 125-3), and LeGrand is hereby

---

[3] This Order resulted from LeGrand's Motion to Consider Whether Another Party's Material Should Be Sealed, filed on December 31, 2024. *See* ECF No. 125.

1  **DIRECTED** to file the item at issue in the public record no sooner than three days and no later
2  than seven days from the date of this order. The Court has not done a line by line comparison of
3  ECF No. 125-3 (which is to be filed publicly) against the portions of Monroe Decl., Ex. 2 (ECF
4  No. 137-4) that the Court has ordered sealed, to see if there is any overlap. If there is, the
5  unsealing of ECF No. 125-3 takes precedence and such material shall not be sealed in Monroe
6  Decl., Ex. 2.

**B.     ECF No. 171**

On June 23, 2025, LeGrand filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with her Reply in Support of her Motion for Class Certification. ECF Nos. 168, 171. LeGrand seeks sealing of portions of one document on the basis that it was designated as "Confidential" by Abbott: Reply Declaration of Jack Fitzgerald, Ex. 2 (Deposition of Meaghan Bird) (ECF No. 171-3). ECF No. 171. LeGrand also states that portions of ECF No. 171-3 are quoted and discussed in her Reply but does not identify the affected portions of her Reply (ECF No. 168). *Id.*

Under Civil Local Rule 79-5(f)(3), Abbott had seven days to file a statement or declaration justifying the sealing. Abbott did not do so. Accordingly, the Court **DENIES** LeGrand's second Administrative Motion to seal ECF Nos. 168[4] and 171-3, and LeGrand is hereby **DIRECTED** to file the item at issue in the public record no sooner than three days and no later than seven days from the date of this order.

### IV.    ABBOTT'S MOTIONS TO SEAL

**A.     ECF No. 161**

On April 24, 2025, Abbott filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with its Opposition to LeGrand's Motion for Class Certification. ECF Nos. 161, 161-4. Abbott moves to file one document under seal on the basis that it was designated as "Confidential" by LeGrand:

---

[4] LeGrand filed an unredacted version of her Reply on the public docket and did not file a redacted version; thus, it is unclear which portions of her Reply LeGrand seeks sealing for. ECF No. 168. However, given Abbott's lack of response, the Court need not inquire further into this document.

United States District Court
Northern District of California

1  Declaration of Michael A. Glick, Ex. 10 (Deposition of Condalisa LeGrand) (ECF No. 161-3).

2  ECF No. 161. Abbott also seeks sealing of portions of one document on the basis that it quotes

3  from ECF No. 161-3: Abbott's Opposition to LeGrand's Motion for Class Certification (ECF No.

4  161-4). *Id.*

5  Under Civil Local Rule 79-5(f)(3), LeGrand had seven days to file a statement or

6  declaration justifying the sealing. LeGrand did not do so. Accordingly, the Court **DENIES**

7  Abbott's first Administrative Motion to seal ECF Nos. 161-3 and 161-4, and Abbott is hereby

8  **DIRECTED** to file the items at issue in the public record no sooner than three days and no later

9  than seven days from the date of this order.

10  **B.    ECF No. 162**

11  On April 24, 2025, Abbott filed an Administrative Motion to File Documents Under Seal,

12  pursuant to Civil Local Rule 79-5, in connection with its Opposition to LeGrand's Motion for

13  Class Certification. ECF Nos. 162, 162-15. Abbott moves to file one document under seal on the

14  basis that Abbott designated the document as "Confidential": Declaration of Michael Glick

15  ("Glick Decl."), Ex. 2 (ECF No. 162-4). ECF No. 162. Abbott also seeks sealing of portions of

16  ten documents on the basis that Abbott designated the documents as "Confidential" or "Highly

17  Confidential":

- Abbott's Opposition to LeGrand's Motion for Class Certification (ECF No. 162-15) (5:1, 3, 9–11, 16, 17; 15:10, 12, 15, 26–27; 17:5; 20:18; 24:11)
- Glick Decl., Ex. 1 (ECF No. 162-3) (Slides 5–6, 12-13, 16)
- Glick Decl., Ex. 5 (ECF No. 162-5) (Slides 3–6)
- Glick Decl., Ex. 6 (ECF No. 162-6) (Slides 45–46 (and accompanying speaker notes), 48)
- Glick Decl., Ex. 7 (ECF No. 162-7) (Slides 23–25, 27)
- Glick Decl., Ex. 8 (ECF No. 162-8) (Slides 1–5)
- Glick Decl., Ex. 9 (ECF No. 162-9) (Slides 21–25, 43–45, 47, 94–98)
- Glick Decl., Ex. 11 (ECF No. 162-10) (Page 27, ¶ 62; Page 32, ¶ 77; Page 33, ¶ 79)
- Glick Decl., Ex. 18 (ECF No. 162-11) (Slides 32, 34–38)

1        • Glick Decl., Ex. 23 (ECF No. 162-12) (Page 10, ¶ 29; Page 11, Exhibit 1)

2 *Id.*; ECF No. 162-1.  In support of its request, Abbott submits declarations from Tracie Bryant and

3 Jena Rostorfer setting forth the bases for sealing the documents.  *See* Declaration of Tracie L.

4 Bryant ("Bryant Decl. #2") (ECF No. 162-1); Declaration of Jena Rostorfer (ECF No. 162-14).

5 All of Abbott's sealing requests relate to documents that "reveal Abbott's business strategy

6 related to the marketing and pricing of its Ensure® products, Abbott's internal marketing research

7 and analysis, and confidential financial data."  ECF No. 162.  Overall. Abbott argues that sealing

8 is required because public disclosure of Abbott's highly confidential and trade secret information

9 would cause Abbott competitive harm.  *Id.*  Specifically, Exhibit 1 discusses "Abbott's non-public

10 marketing strategies relating to specific products, pricing strategies for certain products, and

11 confidential market research and analysis concerning consumers."  Bryant Decl. #2 ¶ 3.  Exhibit 2

12 discusses draft marketing materials not adopted by Abbott.  *Id.* at ¶ 4.  Exhibit 5 discusses non-

13 public sales data and confidential market research.  *Id.* at ¶ 5.  Exhibit 6 discusses confidential

14 marketing and business strategies.  *Id.* at ¶ 6.  Exhibit 7 discusses marketing studies and survey

15 groups.  *Id.* at ¶ 7.  Exhibit 8 discusses market research and sales data.  *Id.* at ¶ 8.  Exhibit 9

16 discusses marketing studies and survey group results.  *Id.* at ¶ 9.  Exhibit 11 is Abbott's expert

17 report that discusses non-public data from habits and practices surveys.  *Id.* at ¶ 10.  Exhibit 18

18 discusses marketing studies and survey results.  *Id.* at ¶ 11.  Exhibit 23 is Abbott's expert report

19 that discusses confidential sales data.  *Id.* at ¶ 12.  The portions of the Opposition to Class

20 Certification identified by Abbott cite or quote from the foregoing documents.  *Id.* at ¶¶ 13–14.

21 The Court has reviewed the requested portions to be sealed.  The Court agrees that there

22 are compelling reasons to redact the requested portions as they relate to confidential business

23 documents.  *See In re Apple Inc. Device Performance Litigation*, 2019 WL 1767158, at *2.

24 Accordingly, the Court **GRANTS** Abbott's second Administrative Motion to seal Glick

25 Decl., Ex. 1 (ECF No. 162-3), Glick Decl., Ex. 2 (ECF No. 162-4), Glick Decl., Ex. 5 (ECF No.

26 162-5), Glick Decl., Ex. 6 (ECF No. 162-6), Glick Decl., Ex. 7 (ECF No. 162-7), Glick Decl., Ex.

27 8 (ECF No. 162-8), Glick Decl., Ex. 9 (ECF No. 162-9), Glick Decl., Ex. 11 (ECF No. 162-10),

28 Glick Decl., Ex. 18 (ECF No. 162-11), Glick Decl., Ex. 23 (ECF No. 162-12), and the Opposition

United States District Court
Northern District of California

1  to Class Certification (ECF No. 162-15). As the redacted versions of the documents for which

2  Abbott proposes redactions have already been filed in the public record, no further action is

3  needed with respect to these documents.

4  **C.    ECF No. 170**

5  On June 20, 2025, Abbott filed an Administrative Motion to Consider Whether Another

6  Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with its Reply

7  in Support of its Motion to Exclude. ECF Nos. 170, 170-4. Abbott moves to file one document

8  under seal on the basis that it was designated as "Confidential" by LeGrand: Declaration of Tracie

9  L. Bryant, Ex. 1 (Deposition of Condalisa LeGrand) (ECF No. 170-3). ECF No. 170. Abbott also

10 seeks sealing of portions of one document on the basis that it quotes from ECF No. 170-3:

11 Abbott's Reply in Support of its Motion to Exclude (ECF No. 170-4). *Id.*

12 Under Civil Local Rule 79-5(f)(3), LeGrand had seven days to file a statement or

13 declaration justifying the sealing. LeGrand did not do so. Accordingly, the Court **DENIES**

14 Abbott's third Administrative Motion to seal ECF Nos. 170-3 and 170-4, and Abbott is hereby

15 **DIRECTED** to file the items at issue in the public record no sooner than three days and no later

16 than seven days from the date of this order.

17                          **V.    CONCLUSION**

18 For the foregoing reasons, LeGrand's first Administrative Motion is **GRANTED IN**

19 **PART and DENIED IN PART**, LeGrand's second Administrative Motion is **DENIED**, Abbott's

20 first Administrative Motion is **DENIED**, Abbott's second Administrative Motion is **GRANTED**,

21 and Abbott's third Administrative Motion is **DENIED**.

22      **IT IS SO ORDERED.**

23

24 Dated: July 15, 2025

25                                                   _____
26                                                   THOMAS S. HIXSON
                                                     United States Magistrate Judge
27

28