UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALISA LEGRAND,<br><br>    Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant. | Case No. 22-cv-05815-TSH<br><br>**ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 173 |

## I.    INTRODUCTION

Condalisa LeGrand brings this putative class action against Abbott Laboratories ("Abbott"), alleging certain statements on the labels of Abbott's Ensure® nutrition drinks are false and misleading. ECF No. 116 (Second Amended Complaint). Pending before the Court is Abbott's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 173. For the reasons set forth below, the Court **DENIES** Abbott's Motion.[1]

## II.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7 (1978)). Courts generally apply a "compelling reasons" standard when considering motions to seal, recognizing that "a strong presumption in favor of access is the starting point." *Id.* (cleaned up). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v.*

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 9, 27.

1  *Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the
2  presumption with "compelling reasons supported by specific factual findings that outweigh the
3  general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at
4  1178–79 (cleaned up).  By contrast, a "good cause showing" under Federal Rule of Civil
5  Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions."
6  *Kamakana*, 447 F.3d at 1180.

7  Here, the documents at issue in Abbott's Administrative Motion were filed in connection
8  with its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(h)(3).  ECF Nos. 173,
9  173-4.  Motions to Dismiss, along with their attached documents, are more than tangentially
10 related to the merits of a case.  *See, e.g., Microsoft Corp. v. Hon Hai Precision Indus. Co.*, No. 19-
11 CV-01279-LHK, 2020 WL 8991707, *2 (N.D. Cal. Feb. 21, 2020) (applying compelling reasons
12 standard to motion to dismiss); *DeLaCruz v. State Bar of California*, No. 16-CV-06858-BLF,
13 2017 WL 9614095, *1 (N.D. Cal. Sept. 11, 2017) (applying compelling reasons standard to
14 materials relating to a motion to dismiss).  Accordingly, the compelling reasons standard applies
15 to Abbott's Administrative Motion.

16 Civil Local Rule 79-5 supplements the "compelling reasons" standard.  *Exeltis USA Inc. v.*
17 *First Databank, Inc.*, No. 17-cv-4810-HSG, 2020 WL 2838812, *1 (N.D. Cal. June 1, 2020).
18 Where, as here, a filing party (the "Filing Party") seeks to seal a filed document because that
19 document has been designated as confidential by another party (the "Designating Party"), the
20 Filing Party must file an Administrative Motion to Consider Whether Another Party's Material
21 Should Be Sealed.  Civ. L.R. 79-5(f).  This motion must identify each document or portions
22 thereof for which sealing is sought.  *Id.*  "Within 7 days of the motion's filing, the Designating
23 Party must file a statement and/or declaration" including "a specific statement of the applicable
24 legal standard and the reasons for keeping a document under seal."  *Id.* at 79-5(c)(1), (f).  That
25 statement must include (i) the legitimate private or public interests that warrant sealing; (ii) the
26 injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is
27 not sufficient.  *Id.* at 79-5(c)(1).  A failure to file a statement or declaration may result in the
28 unsealing of the provisionally sealed document without further notice to the Designating Party.

1  *Id.* at 79-5(f)(3).

## III.   DISCUSSION

On July 2, 2025, Abbott filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(h)(3).  ECF Nos. 173, 173-4.  Abbott moves to seal certain portions of two documents on the basis that they were designated as "Confidential" by LeGrand or quote from such documents:

- Declaration of Tracie L. Bryant, Ex. A (Deposition of Condalisa LeGrand) (ECF No. 173-3)
- Declaration of Tracie L. Bryant, Ex. B (Abbott's Motion to Dismiss) (ECF No. 173-4)

ECF No. 173.

Under Civil Local Rule 79-5(f)(3), LeGrand had seven days to file a statement or declaration justifying the sealing.  LeGrand did not do so.  Accordingly, the Court **DENIES** Abbott's Administrative Motion to seal Bryant Decl., Ex. A (ECF No. 173-3) and Bryant Decl., Ex. B (ECF No. 173-4), and Abbott is hereby **DIRECTED** to file the items at issue in the public record within four days from the date of this order.

## IV.   CONCLUSION

For the foregoing reasons, Abbott's Administrative Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 28, 2025

THOMAS S. HIXSON
United States Magistrate Judge