UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALISA LEGRAND,<br><br>   Plaintiff,<br><br> v.<br><br>ABBOTT LABORATORIES,<br><br>   Defendant. | Case No. 22-cv-05815-TSH<br><br>**ORDER GRANTING LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 192 |

## I. INTRODUCTION

Pending before the Court is Plaintiff Condalisa LeGrand's Motion for Leave to File Renewed Motion for Class Certification. ECF No. 192. Defendant Abbott Laboratories has filed an Opposition (ECF No. 199) and Plaintiff has filed a Reply (200). The Court finds this matter suitable for disposition without oral argument and **VACATES** the October 30, 2025 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** Plaintiff's motion.

## II. BACKGROUND

Plaintiff brings this putative class action against Abbott, alleging certain statements on the labels of Abbott's Ensure® nutrition drinks are false and misleading. Second Am. Compl., ECF No. 116. On June 9, 2023, the Court issued a case management order setting a May 9, 2024 deadline to move for class certification. ECF No. 53. That date was subsequently extended to January 23, 2025. ECF No. 99. Plaintiff moved for class certification on January 23 (ECF No. 136), and the Court denied her motion on August 4, 2025 (ECF No. 187, "Class Cert. Order").

On September 11, 2025, Plaintiff filed a renewed motion for class certification. ECF No. 188. However, as the deadline to move for class certification had passed and Plaintiff did not seek leave to file a renewed motion, the Court struck the renewed motion and ordered the parties to

1  meet and confer to determine if they could agree to permit Plaintiff to file a renewed motion. ECF
2  No. 191.  As they were unable to agree (*see* ECF No. 195), Plaintiff filed the present motion on
3  September 19, 2025.  Plaintiff argues leave to file a renewed motion should be granted because
4  she has "worked diligently to supplement the record to specifically address the evidentiary
5  deficiencies related to damages that led the Court to initially deny class certification," and
6  "[p]ermitting the motion also promotes judicial and party efficiency, as the alternative is a trial on
7  Plaintiff's individual claims, followed by appeals on Rule 12 and class certification issues, and
8  possible re-trial on a class basis, in addition to a newly filed class action by another representative
9  to protect the timeliness of the Class's claims."  Mot. at 2.

### III.  LEGAL STANDARD

As Plaintiff seeks to file a renewed motion for class certification after the deadline in the Court's scheduling order, her motion is governed by Federal Rule of Civil Procedure 16's "good cause" standard.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Sandoval v. PharmaCare US, Inc.*, 2016 WL 9525591, at *3 (S.D. Cal. Aug. 30, 2016), *aff'd in part, rev'd in part on other grounds*, 730 F. App'x 417 (9th Cir. 2018) (denying plaintiff's request to file a second class certification motion because the motion was "untimely under the case management scheduling orders" and the plaintiff "has not shown good cause or diligence to extend the deadline to move for class certification.").  Rule 16(b)'s good cause standard primarily considers the diligence of the moving party.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

At the same time, Plaintiff's motion is also governed by Federal Rule of Civil Procedure 23, which provides a district court with "broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." *Gonzalez v. United States Immigr. & Customs Enf't*, 975 F.3d 788, 807 (9th Cir. 2020) (citing *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*, 593 F.3d 802, 810 (9th Cir. 2010)).  Specifically, Rule 23(c)(1)(C) provides that "[a]n order that grants or denies

2

1   class certification may be altered or amended before final judgment." As such, "[a] district court's
2   order respecting class certification is 'inherently tentative' prior to final judgment on the merits."
3   *Howell v. Advantage RN, LLC*, 401 F. Supp. 3d 1078, 1084 (S.D. Cal. 2019) (citing *Officers for*
4   *Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 633 (9th Cir. 1982)). "Whether to
5   grant leave to file a renewed motion for class certification is a matter of discretion. Courts,
6   including this one, often grant such leave." *Howard v. Hain Celestial Grp., Inc.*, 2024 WL
7   4369648, at *5 (N.D. Cal. Oct. 1, 2024); *see also Coleman v. United Servs. Auto. Ass'n*, 2023 WL
8   11960598, at *1 (S.D. Cal. June 26, 2023) (exercising discretion to grant plaintiffs leave to file
9   renewed motion for class certification without addressing merits of the underlying motion); *In re*
10  *Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007) ("District courts have ample
11  discretion to consider (or to decline to consider) a revised class certification motion after an initial
12  denial.").

### IV.  DISCUSSION

As a preliminary matter, Defendant argues the Court should deny Plaintiff leave "because she cannot establish either good cause or meet the reconsideration standard necessary to file a renewed class certification motion." Opp'n at 1. However, no precedential authority exists mandating the Court apply the reconsideration standard to a renewed motion for certification. *See Stiner v. Brookdale Senior Living, Inc.*, 2024 WL 1071202, at *2 (N.D. Cal. Feb. 7, 2024). As such, courts in this District have declined to impose the reconsideration standard on motions for leave to file a renewed motion for class certification. *See id.* (ruling on renewed motion for certification without applying reconsideration standard and citing cases in which other courts have done the same). And while the Ninth Circuit has yet to opine on the issue, other federal appellate courts have held that it is improper to import the reconsideration standard into Rule 23. *See Hargrove v. Sleepy's LLC*, 974 F.3d 467, 470 (3d Cir. 2020) ("Courts cannot graft onto that provision [Rule 23] the heightened motion-for-reconsideration standard requiring that, in addition to satisfying the typical Rule 23 criteria, plaintiffs show there was a change in controlling law, new evidence, or a clear error."); *Cody v. City of St. Louis for & on behalf of Medium Sec. Inst.*, 103 F.4th 523, 529 (8th Cir. 2024) (holding *Hargrove* is consistent with the law in the Eighth

1    Circuit that "[a] district court's grant of a motion to reconsider class certification is a matter within

2    the court's broad discretion") (cleaned up).

3          While Plaintiff's motion comes after the deadline for filing a class certification motion, the

4    Court finds she has established good cause to modify the case schedule under Rule 16. "The

5    pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party

6    seeking the extension." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)

7    (cleaned up). Here, Plaintiff acted diligently in filing her motion five weeks after the Court's

8    order denying class certification, which itself came after the deadline to move for class

9    certification. *See Blumenfeld Dev. Grp., Ltd. v. Sadlerstone, LLC*, 2022 WL 3161687, at *4 (S.D.

10   Cal. Aug. 8, 2022) (finding good cause under Rule 16 and rejecting argument that "a delay of less

11   than two months" meant party "was not diligent").

12         Further, in denying Plaintiff's original motion, the Court found all prerequisites for

13   certification under Rule 23 were met except one aspect of manageability under Rule 23(b)(3).

14   Specifically, the Court found Plaintiff did not present a method of proving damages at a class trial

15   because neither of her methodologies met the Supreme Court's directive under *Comcast Corp. v.

16   Behrend*, 569 U.S. 27 (2013), after the Court struck Plaintiff's damages experts under *Daubert v.

17   Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). *See* Class Cert. Order at 6-10, 17-19. Since that

18   time, Plaintiff states she has supplemented the record to address the evidentiary deficiencies

19   related to damages, including eliciting additional testimony from her damages experts as to their

20   conjoint analysis and by providing evidence that the health message is the reason for purchasing

21   Ensure. Mot. at 2, 5; *see also* [Proposed] Renewed Motion for Class Certification, ECF No. 193.

22   Under these circumstances, a renewed motion is the appropriate and most efficient procedure to

23   deal with class certification on the merits, which is always preferable. *See Davidson v. O'Reilly

24   Auto Enters., LLC*, 968 F.3d 955, 964-65 (9th Cir. 2020) (finding district court did not abuse its

25   discretion when it denied class certification but gave plaintiff the opportunity to cure the

26   deficiency through supplemental evidence); *id.* at 964 n.7 ("[P]arties may move a district court to

27   alter or amend an order granting or denying class certification at any time 'before final judgment,'

28   meaning that the denial of a motion for class certification 'is inherently tentative.'"); *Edwards v.*

1  *First Am. Corp.*, 798 F.3d 1172, 1177 (9th Cir. 2015) (noting the court had previously vacated the

2  district court's first denial of class certification so that the plaintiff could pursue additional

3  discovery in an attempt to cure the identified deficiency and file a renewed motion for class

4  certification); *Friend v. Hertz Corp.*, 2014 WL 4415988, at *2 (N.D. Cal. Sept. 8, 2014) ("The

5  purpose of Rule 23(c)(1)(C) is to afford district courts the latitude to amend an existing class

6  certification order, or an order denying class certification, in light of subsequent developments.").

7  Relying on *Siino v. Foresters Life Ins. & Annuity Co.*, 2022 WL 20184654 (N.D. Cal. July

8  26, 2022), Defendant argues that "advancing a . . . damages model that Plaintiff could have

9  advanced in the original motion . . . does not constitute 'good cause'" for amending the scheduling

10 order. Opp'n at 14. However, Plaintiff counters she does not advance a new damages model that

11 she failed to advance previously; instead, she "advances the same model, merely with

12 supplemental testimony to address the Court's identified concerns based on Abbott's incorrect

13 claim it requires tens of thousands of surveys." Reply at 11 (citing Class Cert. Order at 10).

14 Because this case involves a clarification of Plaintiff's damages theory, it is distinguishable from

15 *Siino*, where the plaintiff "offered no cognizable damages model that would enable damages to be

16 calculated on a class-wide basis." 2022 WL 20184654, at *1. Additionally, courts routinely give

17 plaintiffs the opportunity to address deficiencies in damages models at the class certification stage.

18 *See McMorrow v. Mondelez Int'l, Inc.*, 2020 WL 1157191, at *9 (N.D. Cal. Mar. 9, 2020)

19 (denying certification without prejudice based solely on damages deficiencies), subsequently

20 certified, *McMorrow v. Mondelez Int'l Inc.*, 2021 WL 859137, at *1, *10-17 (S.D. Cal. Mar. 8,

21 2021) (granting amended motion for class certification after expert addressed deficiency in

22 proposed conjoint analysis); *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 578-79, 581 (C.D. Cal.

23 2014) (denying certification without prejudice based in part on damages issues), subsequently

24 certified, *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 938-39, 943-49, 1022-32, 1035 (C.D.

25 Cal. 2015) (granting certification after permitting plaintiffs to file a renewed motion with damages

26 deficiencies cured), *aff'd sub nom Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017);

27 *Allen v. ConAgra Foods, Inc.*, 2015 WL 13035176, at *2 (N.D. Cal. Jan. 9, 2015) (denying

28 certification without prejudice to address damages and other deficiencies), subsequently certified,

*Allen v. ConAgra Foods, Inc.*, 331 F.R.D. 641, 674 (N.D. Cal. 2019); *Vizcarra v. Unilever United States, Inc.*, 339 F.R.D. 530, 554, 556 (N.D. Cal. 2021) (denying class certification without prejudice where conjoint model found insufficient), subsequently certified, *Vizcarra v. Unilever U.S., Inc.*, 2023 WL 2364736, at *2, *16-19 (N.D. Cal. Feb. 24, 2023). The Court finds Plaintiff should be given the same opportunity.

Therefore, the Court finds good cause exists and exercises its discretion to grant Plaintiff leave to file her renewed motion, without addressing the merits of her underlying motion.

## V.  CONCLUSION

Based on the analysis above, the Court **GRANTS** Plaintiff's motion for leave to file a renewed motion for class certification. Plaintiff shall file her renewed motion in substantially the same form as the [Proposed] Renewed Motion for Class Certification attached to her Motion for Leave to File a Renewed Class Certification Motion, with a hearing date properly noticed pursuant to Civil Local Rule 7.

**IT IS SO ORDERED.**

Dated: October 10, 2025

THOMAS S. HIXSON
United States Magistrate Judge