UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONDALISA LEGRAND,

Plaintiff,

v.

ABBOTT LABORATORIES,

Defendant.

Case No. 22-cv-05815-TSH

**ORDER RE:  ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

Re: Dkt. Nos. 210, 218

## I.    INTRODUCTION

Plaintiff Condalisa LeGrand brings this putative class action against Defendant Abbott Laboratories ("Abbott"), alleging certain statements on the labels of Abbott's Ensure® nutrition drinks are false and misleading.  ECF No. 116 (Second Amended Complaint).  Pending before the Court are two administrative motions to file under seal, one brought by LeGrand (ECF No. 218), and one brought by Abbott (ECF No. 210).  For the reasons set forth below, the Court **GRANTS** LeGrand's Administrative Motion, and **GRANTS IN PART and DENIES IN PART** Abbott's Administrative Motion.[1]

## II.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597, n.7 (1978)).  Courts generally apply a "compelling reasons" standard when considering motions to seal, recognizing that "a strong presumption in favor of access is the

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 9, 27.

starting point." *Id.* (cleaned up). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (cleaned up). By contrast, a "good cause showing" under Federal Rule of Civil Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180.

Here, the documents at issue in Abbott's Administrative Motion (ECF No. 210) were filed in connection with its Opposition to LeGrand's Renewed Motion for Class Certification (ECF No. 210-4). The documents at issue in LeGrand's Administrative Motion (ECF No. 218) were filed in connection with her Reply for the Renewed Motion (ECF No. 217). Motions for class certification, along with their attached documents, are more than tangentially related to the merits of a case. *See, e.g., Guynn-Neupane v. Mahna Legal Serv.*, *LLC*, No. 19-cv-02652-VKD, 2021 WL 4481661, at *1 n.3 (N.D. Cal. Sept. 30, 2021) (applying compelling reasons standard to motions to seal documents relating to class certification); *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6395513, at *1 (N.D. Cal. Feb. 4, 2020) (same); *Yan Mei Zheng v. Toyota Motor Corp.*, No. 17-cv-06591-BLF, 2019 WL 6841324, at *1 (N.D. Cal. Dec. 16, 2019) (same). Accordingly, the compelling reasons standard applies to both administrative motions.

Civil Local Rule 79-5 supplements the "compelling reasons" standard. *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020). Where, as here, a filing party (the "Filing Party") seeks to seal a filed document because that document has been designated as confidential by another party (the "Designating Party"), the Filing Party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Civ. L.R. 79-5(f). This motion must identify each document or portions thereof for which sealing is sought. *Id.* "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" including "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." *Id.* at 79-5(c)(1), (f). That

statement must include (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient. *Id.* at 79-5(c)(1). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without notice to the Designating Party. *Id.*

Under Civil Local Rule 79-5, a motion to seal a party's own document must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of . . . why a less restrictive alternative to sealing is not sufficient." *Id.* (emphasis in original). The motion must also include "a proposed order that is narrowly tailored to seal only the sealable material." *Id.* at 79-5(c)(3). "A party must . . . avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." *Id.* at 79-5(a). "Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, No. C-18-02300-WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

### III.   DISCUSSION

**A.   ECF No. 210**

On November 7, 2025, Abbott filed an Administrative Motion to File Certain Materials Under Seal, pursuant to Civil Local Rule 79-5, in connection with its Opposition to LeGrand's Renewed Motion for Class Certification. ECF Nos. 210, 210-4. Abbott moves to file ten documents under seal:

- Abbott's Opposition to LeGrand's Renewed Motion for Class Certification (ECF No. 210-4) (5:17–20, 25–27; 6:2, 4; 21:16, 18–19, 21; 22:7–8; 23:15)

- Declaration of Michael Glick ("Glick Decl."), Ex. 1 (ECF No. 210-5) (Slides 6–8, 16, 18)

- Glick Decl., Ex. 2 (ECF No. 210-6) (In full)

United States District Court
Northern District of California

3

- Glick Decl., Ex. 5 (ECF No. 210-7) (Slides 6–8)
- Glick Decl., Ex. 6 (ECF No. 210-8) (Slides 45–46)
- Glick Decl., Ex. 7 (ECF No. 210-9) (Slides 24–25)
- Glick Decl., Ex. 8 (ECF No. 210-10) (Slides 1, 4–5)
- Glick Decl., Ex. 9 (ECF No. 210-11) (Slides 44–45, 95–97)
- Glick Decl., Ex. 13 (ECF No. 210-12) (Page 32, ¶ 77; Page 33, ¶ 79)
- Glick Decl., Ex. 21 (ECF No. 210-13) (Slides 34–37)

ECF No. 210. In support of its request, Abbott submits a declaration from Tracie Bryant setting forth the bases for sealing the documents. *See* Declaration of Tracie L. Bryant ("Bryant Decl.") (ECF No. 210-1).

On November 12, 2025, LeGrand filed a Partial Opposition to Abbott's Administrative Motion. ECF No. 214. LeGrand opposes Abbott's request to seal the following two documents:

- Glick Decl., Ex. 2 (ECF No. 210-6) (In full)
- Glick Decl., Ex. 6 (ECF No. 210-8) (Slides 45–46)

*Id.* LeGrand argues that for these documents, Abbott has not met its burden to show that the documents should be sealed. *Id*.

All of Abbott's sealing requests relate to documents that "reveal Abbott's business strategy related to the marketing and pricing of its Ensure® products, Abbott's internal marketing research and analysis, and confidential financial data." ECF No. 210. Overall, Abbott argues that sealing is required because public disclosure of Abbott's confidential information would cause Abbott competitive harm. *Id.* Specifically, Exhibit 1 contains "Abbott's non-public, confidential market research and analysis concerning consumers and retailers." Bryant Decl. ¶ 3. Exhibit 2 is an internal draft Abbott document containing "Abbott's draft marketing materials which Abbott considers confidential, proprietary company information." *Id.* at ¶ 4. Exhibit 5 contains "Abbott's non-public sales and market share data, confidential market research and surveys on consumer habits and practices, and Abbott's marketing strategies for Ensure® products." *Id.* at ¶ 5. Exhibit 6 contains "Abbott's non-public sales and market share data, confidential market research and surveys on consumer habits and practices, and Abbott's marketing and business strategies for

Ensure® products." *Id.* at ¶ 6. Exhibit 7 contains "the results of a survey regarding recent health issues of consumers' category purchase along with their likelihood to purchase again." *Id.* at ¶ 7. Exhibit 8 contains "confidential market research and data on usage and consumption of Ensure." *Id.* at ¶ 8. Exhibit 9 contains "the results of a survey regarding consumer habits and considerations for consumption of Ensure® products." *Id.* at ¶ 9. Exhibit 13 contains "confidential data regarding Ensure sales and consumption from habits and practices surveys." *Id.* at ¶ 10. Exhibit 21 contains "the results of a survey regarding key influencers and motivations of consumers' trial category purchase along with their recent health issues." *Id.* at ¶ 11. And Abbott's Opposition cites to or quotes from the above referenced documents. *Id.* at ¶ 12.

LeGrand responds that Exhibit 2 does not warrant sealing because "the information in Exhibit 2 is factual in nature, publicly available, and any slight changes between the draft and final versions, which Abbott notably does not even identify, reveal nothing about Abbott's marketing strategy or its effectiveness." ECF No. 214 at 3. LeGrand further responds that Exhibit 6 does not warrant sealing because "[t]he majority of information included on [Slides 45–46] is already publicly available in other case documents and elsewhere," and any information not publicly available "would not cause any competitive harm to Abbott if disclosed, as that information is too outdated to be of any use to competitors." *Id.* at 3–4.

The Court has reviewed the documents to be sealed. The Court agrees that there are compelling reasons to redact the portions requested by Abbott in Glick Decl., Ex. 1, at Slides 6–8 (ECF No. 210-5); Glick Decl., Ex. 7, at Slides 24-25 (ECF No. 210-9); Glick Decl., Ex. 13, at Page 32 ¶ 77, Page 33 ¶ 79 (ECF No. 210-12); Glick Decl., Ex. 21, at Slides 34–37 (ECF No. 210-13); and Abbott's Opposition that references the foregoing documents (ECF No. 210-4), as they relate to confidential business documents. *See Regis Metro Associates, Inc. v. NBR Co., LLC*, No. 20-cv-02309-DMR, 2022 WL 267443, at *14 (N.D. Cal. Jan. 28, 2022) (granting motion to seal because "[a]ll of the documents contain sensitive business information or may be subject to confidentiality agreements"); *In re Apple Inc. Device Performance Litigation*, No. 5:18-md-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) (noting that under the compelling reasons standard, courts have upheld the sealing of "trade secrets, marketing strategies, product

United States District Court
Northern District of California

United States District Court
Northern District of California

development plans, detailed product specific financial information, customer information, internal reports, and other such materials that would harm a party's competitive standing"). However, the Court agrees with LeGrand that compelling reasons do not exist to seal Glick Decl., Ex. 2 (ECF No. 210-6) because it contains factual information, much of which is publicly available. *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2016 WL 11971682, at *2 (N.D. Cal. Feb. 22, 2016) ("The Court will not seal publicly available information, including information the parties have filed publicly in the instant case."); *Antonick v. Elec. Arts Inc.*, No. C-11-01543-CRB-EDL, 2013 WL 2551794, at *2 (N.D. Cal. June 10, 2013) ("the redacted information about this case and the [pending] litigation is so general that it does not implicate any confidential legal strategy"). The Court also agrees that compelling reasons do not exist to redact Glick Decl., Ex. 6, at Slides 45–46 (ECF No. 210-8), because the redacted information is several years old. *Cf. In re MyFord Touch Consumer Litig.*, No. 13-cv-03072-EMC, 2018 WL 1027391, at *2 (N.D. Cal. Feb. 2, 2018) ("Though Ford claims that it internally treats such information as confidential, it has not demonstrated that disclosure of such information, often five years old or more, would cause it competitive harm today."). The Court further finds that compelling reasons do not exist to redact Glick Decl., Ex. 1, at Slides 16, 18 (ECF No. 210-5); Glick Decl., Ex. 5, at Slides 6–8 (ECF No. 210-7); Glick Decl., Ex. 8, at Slides 1, 4–5 (ECF No. 210-10); and Glick Decl., Ex. 9, at Slides 44–45, 95–97 (ECF No. 210-11), because the redacted information is several years old.

Accordingly, the Court **GRANTS** Abbott's Administrative Motion to seal Glick Decl., Ex. 1, at Slides 6–8 (ECF No. 210-5); Glick Decl., Ex. 7, at Slides 24-25 (ECF No. 210-9); Glick Decl., Ex. 13, at Page 32 ¶ 77, Page 33 ¶ 79 (ECF No. 210-12); Glick Decl., Ex. 21, at Slides 34–37 (ECF No. 210-13); and Abbott's Opposition that references the foregoing documents (ECF No. 210-4). As Abbott has already filed the redacted versions of the exhibits to the Glick Declaration in the public record, no further action is required as to them.

The Court **DENIES** Abbott's Administrative Motion to seal Glick Decl., Ex. 1, at Slides 16, 18 (ECF No. 210-5); Glick Decl., Ex. 2 (ECF No. 210-6); Glick Decl., Ex. 5, at Slides 6–8 (ECF No. 210-7); Glick Decl., Ex. 6, at Slides 45–46 (ECF No. 210-8); Glick Decl., Ex. 8, at Slides 1, 4–5 (ECF No. 210-10); and Glick Decl., Ex. 9, at Slides 44–45, 95–97 (ECF No. 210-

11).  Abbott is hereby **DIRECTED** to file unredacted versions of those documents in the public record within three days.  The Court **DENIES** Abbott's Administrative Motion to seal Abbott's Opposition (ECF No. 210-4) as it relates to Glick Decl., Ex. 1, at Slides 16, 18 (ECF No. 210-5); Glick Decl., Ex. 2 (ECF No. 210-6); Glick Decl., Ex. 5 (ECF No. 210-7); Glick Decl., Ex. 6 (ECF No. 210-8); Glick Decl., Ex. 8 (ECF No. 210-10); and Glick Decl., Ex. 9 (ECF No. 210-11). Abbott is hereby **DIRECTED** to file that document in the public record within three days with redactions as specified above.

**B.      ECF No. 218**

On November 21, 2025, LeGrand filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with her Reply in Support of her Renewed Motion for Class Certification.  ECF Nos. 217, 218. LeGrand moves to file one document under seal:  Declaration of Melanie R. Monroe ("Monroe Decl."), Ex. 1 (ECF No. 218-3).  ECF No. 218.

On November 28, 2025, Abbott responded to LeGrand's Administrative Motion requesting sealing of Exhibit 1 to the Monroe Declaration.  ECF No. 219.  In support of its request, Abbott submits declarations from Tracie Bryant and Meaghan Bird setting forth the bases for sealing the document.  *See* Declaration of Tracie L. Bryant ("Bryant Decl. #2") (ECF No. 219-1); Declaration of Meaghan Bird (ECF No. 219-3).  Abbott proposes redactions to Exhibit 1 to the Monroe Declaration.  *See* ECF No. 219-2.

Abbott's sealing request relates to portions of a document that reveals "Abbott's business strategy related to the marketing of its Ensure® products."  ECF No. 219.  Abbott argues that sealing is required because public disclosure of Abbott's highly confidential internal business and marketing strategies would cause Abbott competitive harm.  *Id.*  Specifically, Exhibit 1 is a three-page excerpt of a presentation—Abbott requests that portions be redacted that "contain Abbott's internal business and marketing strategies, including consumer feedback and marketing analysis." Bryant Decl. #2 ¶ 3.

The Court has reviewed the document to be sealed and agrees that there are compelling reasons to redact the portions requested by Abbott as they relate to confidential business

United States District Court
Northern District of California

documents.  *See In re Apple Inc. Device Performance Litigation*, 2019 WL 1767158, at *2.

Accordingly, the Court **GRANTS** LeGrand's Administrative Motion to seal Exhibit 1 to the Monroe Declaration (ECF No. 218-3).  As Abbott filed a redacted version of the document on the public docket (ECF No. 219-2), no further action is needed.

**IV.    CONCLUSION**

For the reasons stated above, the Court **GRANTS** LeGrand's Administrative Motion and **GRANTS IN PART and DENIES IN PART** Abbott's Administrative Motion.

**IT IS SO ORDERED.**

Dated: March 5, 2026

THOMAS S. HIXSON
United States Magistrate Judge